## Case No. 4,541.

### ETHRIDGE v. JACKSON et al.

[2 Sawy. 598;[1] 19 Int. Rev. Rec. 134; 1 Am. Law T. Rep. (N. S.) 271.]

Circuit Court, D. Oregon. March 31, 1874.

John A. Woodward, for plaintiff.
Walter W. Thayer, for defendants.

DEADY, District Judge. At common law costs were not given to either party. By 6 Edw. I. c. 1, commonly called the "Statute of Gloucester," costs were given in all cases to the party recovering damages, de incremento, as an increase, or increment of the judgment.

The act of February 26, 1853 (10 Stat. 168), provides what attorney's fees and items of expense are taxable as costs in the national courts. Dedekam v. Voge [Case No. 3,731]; Parker v. Bigler [Id. 10,726]; Lyell v. Miller [Id. 8,620]; The Baltimore, 8 Wall. [75 U. S.] 388.

The statute of Gloucester is considered a part of the law which our ancestors brought to this country from England, and is in force here, and governs the question who is entitled to costs in this case, unless a different

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

rule has been prescribed by statute. Hathaway v. Roach [Case No. 6,213]. There is no act of congress which directly declares which party is entitled to recover costs, except in a few special cases, of which this is not one.

In Hathaway v. Roach, supra (decided in 1846), it was held that by force of section 34 of the judiciary act, the law of the state applied and governed the question of costs generally.

In May, 1852, Mr. Justice Nelson delivered an "opinion," reported in appendix to 1 Blatchf. 652, in which he held that the right of the prevailing party to recover costs is recognized by the judiciary act, but the rule as to what items were taxable was the one prescribed by the state statute. But in the course of the opinion, it is assumed in opposition to the opinion in Hathaway v. Roach, that the question is one to be governed by the laws regulating the practice and proceedings of the court rather than section 34 of the judiciary act which furnishes the rule of decision in common law actions.

By section 5 of the act of June 1, 1872 (17 Stat. 197), it is provided that "the practice, pleadings and forms and modes of proceedings" in common law actions, in the United States courts, "shall conform" to that of the states where they are held. If the question of who is entitled to costs in a particular case is a question of practice, certainly it is not one of pleading or form or mode of proceeding. Then according to the opinion of Mr. Justice Nelson, supra, the subject is regulated by the law of the state.

But I think that giving or withholding costs in a particular case is not a mere matter of practice. Costs are of the substance of the controversy, and not the form. They are a part of the judgment, and affect the right of the party as well as the recovery of the principal sum or thing. Therefore I agree with Mr. Justice Woodbury, in Hathaway v. Roach, supra, that the subject of who shall recover costs in a common law action is within the purview of section 34 of the judiciary act, which provides: "The laws of the several states, except where the constitution, treaties or statutes of the United States shall otherwise require or provide, shall be regarded as rules of decision in trials at common law, in the courts of the United States in cases where they apply."

The cases upon this subject are meagre and not satisfactory or in accord. In my judgment, it is clear that the right to costs in this action—not the mere mode of taxing them or enforcing such right—depends upon the law of this state, because section 34 of the judiciary act makes such law the rule of decision herein—the rule by which the rights of the parties are ascertained and measured in respect to all matters which enter into and form a part of the judgment or are determined by it.

Substantially section 539 of the Oregon Code provides that in an action of this kind the plaintiff shall not be allowed costs unless he recovers fifty dollars or more; or unless "a claim of title or interest in real property, or right to the possession thereof, arises from the pleadings or is certified by the court to have come in question upon the trial." Section 541 enacts that "costs are allowed of course to the defendant in the actions mentioned in section five hundred and thirty-nine, unless the plaintiff be entitled to costs therein."

Unless, then, "a claim of title or interest in real property, or right to the possession thereof, arises upon the pleadings" in this case, it is plain that the plaintiff cannot recover costs.

The only allegations upon which it is claimed that any such question could arise, are the following:

1. The adjudication in bankruptcy against A. J. Fleming. 2. The appointment of plaintiff as his assignee. 3. The execution of the deed of assignment to plaintiff. 4. The recording of the same. 5. The ownership of the real property upon which the oats in question were grown by Fleming. 6. The entry and taking possession of the property by the plaintiff.

The fifth of said allegations is admitted, and thereby the defendants admit that the title to the real property was in the bankrupt at the time of the adjudication, and thereafter in the plaintiff, if, as he alleges, he is the duly qualified assignee.

The other five of said allegations are denied by the answer. Counsel for plaintiff maintains that such denials, taken together, amount to a denial of the plaintiff's title or right to the possession of the real property upon which the oats were grown, and upon which title or right he based his property in the oats.

The denial of the sixth of said allegations only raises the question of fact—Did the plaintiff enter and take possession of the premises? No question of title or right to the possession of the property is involved in that allegation. Pollock v. Cummings, 38 Cal. 684; Ehle v. Quackenboss, 6 Hill, 538; Muller v. Bayard, 15 Abb. Pr. 450; Burnet v. Kelly, 10 How. Pr. 406; Rathbone v. McConnell, 20 Barb. 314.

The other four allegations, taken together, simply allege in effect that the plaintiff was the duly qualified assignee of Fleming, in bankruptcy, and therefore entitled to maintain this action for the wrongful conversion of his property by the defendants.

Indeed, there was no necessity of alleging in detail the adjudication, the appointment of assignee, the assignment and the record thereof. As in the case of an executor or administrator, it was only necessary to state, "Ethridge, assignee of the estate of Fleming, a bankrupt (or duly adjudged a bankrupt), according to the statute in such case made and provided, complains of Jackson and Imbrie, for that," etc.

A "claim of title or interest in real property or right to the possession thereof" cannot be said to arise "upon the pleadings," unless such claim or right is averred therein upon the one side, and denied upon the other. Jackson v. Randall, 11 Johns. 405.

Section 3 of the act of 1853, supra, provides that "the bill of fees of clerk, marshal and attorneys, and the amount paid printers and witnesses, and lawful fees for exemplification and copies of papers necessarily obtained for use on trial, in cases where by law costs are recoverable in favor of the prevailing party, shall be taxed by a judge or clerk of the court, and be included in and form a portion of the judgment or decree against the losing party."

The rule which prescribes in what cases "costs are recoverable in favor of the prevailing party" is the law of the state above cited. But who is to be considered the "prevailing party" within the meaning of this section?

In a general sense, the prevailing party in an action is the one for whom judgment is given concerning the matter or thing in controversy. In that sense the prevailing party in this case is the plaintiff, for he is entitled to judgment upon the merits for twenty-seven dollars. Still, by the state law, costs are not recoverable by him because his damages are less than fifty dollars. Nor do I think the defendants are entitled to costs. In this case section 541 of the Oregon Code, which gives costs, of course, to the defendant in an action, unless the plaintiff is entitled to them, does not "apply" because "a statute of the United States" otherwise provides. Section 3, supra, only gives costs to the prevailing party. They are to be "included in and form a portion of the judgment or decree against the losing party." The right of the losing party to costs is not recognized, but impliedly denied. These provisions are inconsistent with the idea that there may be a judgment for the plaintiff upon the merits and for the defendants for costs, as implied in section 541 of the Oregon Code.

In conclusion: 1. In the absence of any act of congress to the contrary, the party recovering damages in this court is entitled, by virtue of the statute of Gloucester, to recover costs without reference to the amount of such damages. 2. By virtue of section 34 of the judiciary act, section 539 of the Oregon Code, which in effect denies costs to the plaintiff in an action of trover, when he recovers less than fifty dollars, is applicable to this action. 3. Section 3 of the act of 1853, supra, specifies what items of costs may be taxed in favor of the prevailing party in cases where, by the Oregon Code, such party is entitled to recover costs, but impliedly denies costs to the losing party in any case; and, therefore, section 541 of the Oregon Code which gives costs, of course, to the defendant when the plaintiff is not entitled to them, does not apply to actions in the United States courts.

Let judgment be entered on the verdict for the plaintiff, without costs to either party.