## Case No. 17,924.

### WOLF v. CONNECTICUT MUT. LIFE INS. CO.

[1 Flip. 377;[1] 1 Cent. Law J. 301.]

Circuit Court, E. D. Michigan. April Term. 1874.

FEDERAL PRACTICE—TAXATION OF COSTS—REMOVAL FROM STATE COURT.

1. Where a suit comes into the federal court by removal, it brings along with it, as an incident, all the costs which accrued or attached under the state law, during the time it remained in the state court.

[Cited in Cleaver v. Traders' Ins. Co., 40 Fed. 864.]

2. The acts of congress, prescribing what costs may or may not be taxed, apply to such costs as accrue after the removal of such cause into the federal court.

3. These are the rules that the federal courts follow in taxing costs.

[Cited in Trinidad Asphalt Pav. Co. v. Robinson, 52 Fed. 348.]

On the mutual application of the parties for directions to the clerk as to taxation of costs. This cause was commenced in the circuit court for the county of Wayne, in this state, and after issue and one continuance in that court, the cause was removed to this court by the defendant, under and in pursuance of the acts of congress in such cases made and provided. After sundry proceedings had in the case in this court, unnecessary to mention here, the plaintiff [Helena Wolf], discontinued her suit, and judgment was entered against her for costs to be taxed. The defendant now brings its bill of costs for taxation, in which are included items of costs accrued in the state court before removal to this court, amounting in the aggregate to $15, and $7.50 paid to the clerk of the state court for transcripts in making the removal. These items are objected to on behalf of plaintiff on the ground that there is

---

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

[1] [Reported by William Searcy Flippin, Esq., and here reprinted by permission.]

no act of congress allowing such costs to be taxed in this court.

D. C. Holbrook, for plaintiff.
C. J. Walker, for defendant.

LONGYEAR, District Judge. A suit removed from a state court comes into this court impressed with all the rights and liabilities of parties as to costs which accrued or attached by the laws of the state while the suit remained in the state court. Acts of congress prescribing what costs may or may not be taxed apply only to such costs as accrue after the removal has become complete and this court is invested with jurisdiction.

In the state court, in case of discontinuance, the defendant would be entitled by the state laws to all his costs made up to that time, and I think this court is bound, in case of removal to this court before discontinuance, to administer those laws as to all such costs which accrued while the suit remained in the state court.

No adjudicated case involving this exact question has fallen under my notice, but the cases cited below involve principles applicable to this question, and so far as they go, fully sustain the foregoing propositions. I am also informed by my brother Judge Withey, of the Western district, that such has always been the uniform practice there. See Ellis v. Jarvis [Case No. 4,403]; Field v. Schell [Id. 4,771]; Gier v. Gregg [Id. 5,406]; Ackerly v. Vilas [Id. 120].

The clerk is therefore directed in this, and all like cases, to tax to the party recovering costs, all costs to which he would have been entitled under the state laws, accrued while the suit remained in the state court, and up to the time the suit was duly entered in this court. Ordered accordingly.