## Case No. 2,793.

CLARE v. NATIONAL CITY BANK.

[14 Blatchf. 445.] [1]

Circuit Court, S. D. New York. May 2, 1878.

### Costs after Removal.

Items of costs which would have been taxable in favor of a party in a state court, on a judgment for him, are not taxable in his favor, on a judgment for him in this court, after the removal of the cause into this court, unless such items are taxable under sections 823 and 824 of the Revised Statutes.

[Followed in Chadbourne v. German-American Ins. Co., 31 Fed. 625. Cited in Henning v. W. U. Tel. Co., 40 Fed. 659. Cited, but not followed, in Cleaver v. Traders' Ins. Co., Id. 864.]

[At law. Action by William K. Clare against the National City Bank.]

James S. Stearns, for plaintiff.
William H. Arnoux, for defendant.

CHOATE, District Judge. This is an appeal from the clerk's taxation of costs. The suit is an action at law originally brought in a state court. After three trials in the state court, in two of which the plaintiff had a verdict, which, upon appeal, was set aside, and the judgment reversed, with costs to the defendant, to abide the event, the cause was removed into this court by the plaintiff, and the defendant now has a verdict and a judgment. The clerk, in taxing the costs, has disallowed the fees taxable by the New York Code, to the defendant's attorney, as fees for proceedings before and after the granting of a new trial, term fees, trial fees, argument fees, fees for making and serving a case, &c., which, if the case had proceeded to the same result in the state court, would have been taxable against the plaintiff, for the proceedings prior to the removal of the cause, amounting, in all, to $435. From the disallowance of these items the defendant appeals.

The clerk is right in his taxation. In this court, the amount of costs to be allowed to attorneys is governed by sections 823 and

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

824 of the Revised Statutes, which do not give to the attorney any of the fees now in question. In general, there is no vested right to costs till judgment, and they are only recoverable as taxable by the law in force at the time of taxation. The acts authorizing the removal of causes to this court provide that the cause removed shall proceed in the same manner as if originally commenced here, and there is nothing in those acts which lends support to the defendant's claim for these costs.