## HUNTRESS *v.* TOWN OF EPSOM.

*(Circuit Court, D. New Hampshire. March 20, 1883.)*

1. COSTS—VIEW OF GROUND BY JURY—ALLOWANCE OF EXPENSES.

   Where, by the practice and procedure of the state courts of record within the district, the costs and expenses of viewing the ground by the jury in civil actions are allowed, such costs and expenses may be allowed in courts of the United States held within such district, in civil suits other than suits in equity or admiralty, under the provisions of section 914 of the Revised Statutes, which adopts as near as may be the practice, pleadings, forms, and modes of procedure of the state courts of the district in which such United States courts are held.

2. DOCKET FEE.

   Where there have been two trials of a cause, the first of which resulted in a disagreement of the jury and the second in a verdict for the defendant, but one docket fee of $20 will be allowed.

*Copeland & Edgerly* and *Wallace Hackett,* for plaintiff.

*Wm. L. Foster, Thomas J. Smith,* and *John Y. Mugridge,* for defendant.

CLARK, J. This was an action by the plaintiff against the town, for damages to himself and team from a defect in a highway which the town was under obligation to keep in reasonable repair. There were two trials. On the first the jury disagreed; at the second there was a verdict and judgment for the defendant. At each of these trials the jury, upon motion of the defendant, was sent out by the court, under the direction of the marshal, to view the highway where the accident happened, and where the damage was sustained by the plaintiff.

The statute of New Hampshire provides (chapter 231, §§ 17, 18, p. 537, Gen. Laws) that—

"In trials of actions involving questions of right to real estate, or in which the examination of places or objects may aid the jury in understanding the testimony, the court, on motion of either party, may, in their discretion, direct a view of the premises by the jury, under such rules as they may prescribe." "The cost of such view shall be subject to adjudication as to the whole or any part thereof, as the court may deem equitable."

The statute of the United States provides, (section 914, p. 174, Rev. St., 2d Ed. 1878:)

"The practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the circuit or district courts, shall conform as near as may be to the practice, pleadings, and forms and modes

HUNTRESS *v.* TOWN OF EPSOM.

of proceeding existing at the time in like causes in the courts of record of the state within which such circuit or district courts are held, any rule of court to the contrary notwithstanding."

The defendant claimed to recover, as costs from the plaintiff, the expenses paid out by the town in conveying the jury, in each of the trials, to the place of view, and in returning them to the court; and also a further sum for the board and lodging of the jurors upon the last view, which detained them "over night." It is conceded that there is no statute of the United States that provides for the allowance of such an expenditure as costs; and in *Parker* v. *Bigler*, 1 Fisher, 285, it was held that no costs could be recovered by the prevailing party but the legal taxed costs. The same decision was substantially made in *Day* v. *Woodworth*, 13 How. 363. But this rigid rule has not been followed in this district or circuit. The fee bill, or fees enumerated in the statute, has not been construed as exclusive of other necessary *expensa litis*. Thus the attendance and travel of *parties* has been taxed and allowed in this district, and in Massachusetts, for very many years, uniformly so, so far as I learn. No statute of the United States prescribes or authorizes such an allowance, and possibly the practice may have arisen under the act of September 29, 1789,—long since repealed,—which prescribed that "the rates of fees, *except fees to judges* in the circuit and district courts, in suits at common law, shall be the same in each state respectively as are now allowed in the supreme courts of the same." Costs of parties' travel and attendance were then allowed, and so of the expense of views by the jury.

In the case of *Stockbridge Iron Co.* v. *Cone Iron Works*, 102 Mass. 80, 89, $4,800 was allowed for a view, and CHAPMAN, C. J., in delivering the opinion of the court, said: "Courts of law have power to allow reasonable expenses of surveys and views in proper cases, and the fee bill does not apply to the expense of such proceedings." This was in a state court.

I am inclined in this case to allow as costs to be recovered by the defendant of the plaintiff the expense paid by the defendant as carriage hire and car fare to take the jury to the place of view and back to the court—$15 at the first trial and $46.40 on the second, the distance being much greater,—and to disallow the sum of $19.50 for the board and lodging of the jury over night on the second view, as this expenditure should have been borne by the jurors out of their per diem allowance while making the view; and this I do on the more distinct ground that the law of the United States (section 914, Rev.

St.) above cited requires the practice and mode of proceeding in civil causes, other than equity and admiralty causes in the circuit and district courts, to conform, as near as may be, to the practice and mode of proceeding in the state courts; and it is a mode of proceeding in the state courts of this district, in a case where a view may aid the jury to understand the testimony, to direct such view upon motion of either party, and it is the practice of the court to allow such part or all of the costs as may be deemed equitable.

The defendant claims to recover a docket fee of $20 at the former trial, when the jury disagreed, and a like fee at the second trial, when judgment was for the defendant; but only one docket fee can be allowed. Witness fees, travel and attendance, and other items allowed as taxed.