### HENNING *v.* WESTERN UNION TEL. CO.

*(Circuit Court, D. South Carolina. December 19, 1889.)*

1. REMOVAL OF CAUSES—RULES OF PRACTICE.
  The rules of practice of a United States circuit court govern a cause brought there from a state court, under 25 St. at Large, 435, providing that "the cause shall then proceed in the same manner as if it had been originally commenced in said circuit court."

2. SAME—SECURITY FOR COSTS.
  Where a cause is removed from a state to a United States circuit court, and the plaintiff amends his complaint, he puts himself within a rule of practice of the circuit court, allowing a defendant, "in all cases," to demand security for costs before answering, though the demand could not have been made in the state court where the action was commenced.

At Law. On motion for security for costs.

*Buist & Buist* and *John Wingate,* for plaintiff.

*Barker, Gilliland & Fitzsimons,* for defendant.

SIMONTON, J. This case was originally brought in the state court. It was removed into this court, plaintiff being a resident of the state of South Carolina, and the defendant being a foreign corporation. After its removal the plaintiff obtained leave to amend his complaint by inserting the appointment and the name of his guardian *ad litem,* and defendant had leave to answer the complaint when so amended. Thereupon defendant, under our seventy-fifth rule, served notice for security for costs. The plaintiff resists this motion, because he is a resident of the state of South Carolina, and as such not liable to security for costs in the state court, and therefore not so liable in this court, into which the case comes precisely in the same plight in which it left the state court. *Duncan* v. *Gegan,* 101 U. S. 812. This seems to be a new question. It must be decided under our own rule, which controls our practice. Rule 75 is in these words:

"In no case shall the defendant be compelled to plead or answer until the plaintiff shall have given security for costs, if notice be given to the plaintiff's attorney that such security will be required. The amount of such security, not exceeding fifty dollars, shall be fixed by the clerk. On application made to a judge on a rules-day, or to the court in term, such further security may be ordered as may be deemed necessary."

The rule is without qualification,—"in no case." Is it affected by the fact that before the case came into this court the plaintiff was under no obligation whatever to give security for costs? The act of congress regulating the removal of causes provides that, when removed, "the cause

shall then proceed in the same manner as if it had been originally commenced in said circuit court." 25 St. at Large, 435. If the cause proceeds as if it began in this court, it is, of course, subject to the rules of the court governing causes begun therein, just as if the cause originally began here. *Clare* v. *Bank*, 14 Blatchf. 445. Besides this, the complaint has been amended in this court. The cause will be tried and decided upon the amended complaint, (Code S. C. 167;) that is to say, upon pleadings made up in this court, and governed by its rules only. The complaint has been amended in this court on the motion of the plaintiff, and to that complaint he requires an answer. The time and mode of putting in that answer depend upon our rules. One of our rules says that an answer need not be put in, if security for costs be demanded, until the demand is complied with. Plaintiff has put himself within this rule. Let the plaintiff enter into security for costs before the clerk, under rule 75, before the defendant be required to plead to the amended complaint.