Swan, District Judge,
(after stating the fads.) The statute giving costs to the prevailing party provides as follows:
“The bill of fees of the clerk, marshal, and attorney, and the amount paid printers and witnesses, and lawful fees for exemplifications and copies of papers necessarily obtained for use on trials, in cases where by law costs are recoverable in favor of the prevailing party, shall be. taxed by a judge or clerk of the court, and be included in and form a portion of a judgment or decree against the losing party. * * * ” Rev. St. U. S. § 983.
In cases of original jurisdiction this provision has been regarded as mandatory, and exclusive of all state legislation. Congress having legislated on the subject, it would seem, on familiar principle, that there is no room for the application of any other rule of taxation in such cases than that fixed by the statute. U. S. v. Treadwell, 15 Fed. Rep. 532; Cooper v. Steamboat Co., 18 Fed. Rep. 588; The Baltimore, 8 Wall. 377, 388. In cases removed from a state court it has been properly held that costs which have accrued before removal may be added to those taxable under the act of congress. The authorities, however, are not in harmony on this point. In support of taxation of such costs are: Seripps v. Campbell, 22 Int. Rev. Rec. 250; Wolf v. Insurance Co., 1 Flip. 377, and cases cited. Contra are: Clare v. Bank, 14 Blatchf. 445; Chadbourne v. Insurance Co., 31 Fed. Rep. 625.
Section 983 is taken bodily from the fee act of February 26, 1853. Before the enactment of the statute the practice had generally been in accordance with the statute of Gloucester, (6 Edw. I. c. 2.) Hathaway v. Roach, 2 Woodb. & M. 68; The Baltimore, 8 Wall. 388. This statute, commonly referred to as the “Fee Bill of 1853,” seems therefore to be a substantial adoption of the usage which had so long and generally *349 obtained, allowing costs to the successful litigant. Without reviewing in detail the various acts of congress regulating the recovery of costs, which are collated in the opinion in The Baltimore, 8 Wall. 377, 388-393, in the language of Mr. Justice Clifford in that case, “the conclusion appears to be clear that congress intended to allow costs to the prevailing party as incident to the judgment, as most of the regulations referred to [in the statutes mentioned in the opinion] would be meaningless on any other theory.” No intent to recede from this purpose is manifested in the act of 1853, nor in the Revised Statutes. The only qualifications material here of the usage thus recognized by the statute are found in Rev. St. §§ 968, 973. The first of these sections denies costs to a plaintiff or petitioner in a circuit court who recovers less than $500 in a case which could not be brought there, unless the amount in dispute, exclusive of costs, exceeds that sum or value; and refuses costs to a libel-ant who recovers upon his own appeal less than the sum or value of $300°. Section 973 disallows costs to a plaintiff upon a judgment or decree “for the infringement of part of a patent when the patentee in his specification claimed to be original and first discoverer of any material or substantial part of the thing patented, of which he was not the original and first inventor,” unless the disclaimer required by the patent laws had been entered at the patent office before suit was brought. Other sections expressly exempt the United States from liability to costs. The inference from this exceptional legislation' seems strong that congress has defined the only cases in actions at law in which the losing party is absolved from liability for costs.
In equity and admiralty cases, in which the courts are less trammeled, and may mold their judgments according to the very right of the matter, costs are imposed, withheld, or divided as the facts in the particular case may warrant. Kittredge v. Race, 92 U. S. 116; Trustees v. Greenough, 105 U. S. 535; Union Trust Co. v. Illinois Midland Ry. Co., 117 U. S. 434,481, 6 Sup. Ct. Rep. 809; U. S. v. The Malek Adhel, 2 How. 210; The Atlas, 93 U. S. 312. No such latitude is accorded, however, to the courts in actions at law, notwithstanding considerations of hardships calling for exceptions to the enforcement of the statute. In U. S. v. Schurz, 102 U. S. 407, the defendant was sued in regard to the manner in which he had discharged certain official duties as secretary of the interior, in which no intentional wrong was charged or proved against him. Upon motions for taxation of costs, the court, through Mr. Justice Miller, admitting the hardship of making the defendant pay the costs out of his own pocket, said:
“But a careful examination of the authorities leaves us no option but to follow the rule that the prevailing partyshall recover of the unsuccessful one the legal costs which he has expended in obtaining his rights.”
So, too, costs followed the judgment in Kendall v. U. S., 12 Pet. 524, and U. S. v. Boutwell, 17 Wall. 604, in both of which the officers sued were guilty of no intentional wrong. In Kittredge v. Race, 92 U. S. 116, 121, the distinction between the powers of the court in common-law and equity cases in the matter of costs is clearly stated by Mr. Justice Bradley. He says:
*350 ■‘In actions at law it is a general rule that the losing parties or the parties against whom judgment is rendered are to pay the costs, and no apportionment of the costs is made between them. Each is liable for all, whatever may be their respective interest in the subject-matter of the suit. In equity it is different. There the court has a discretion as to the costs, and may impose them all upon one party, or may divide them in such manner as it sees fit.”
The only exception to this rule not expressly made by statute is where the court is without jurisdiction of the cause. In Railway Co. v. Swan, 111 U. S. 379, 387, 4 Sup. Ct. Rep. 510, Mr. Justice Matthews says:
“Ordinarily, by the long-established practice and universally recognized rule of the common law inactions at law, the prevailing party is entitled to recover a judgment for costs, the exception being that, where there is no jurisdiction in the court to determine the litigation, the cause must be dismissed for that reason and, as the court can render no judgment for or against either party, it cannot render a judgment even for costs. ”
The case at bar is apparently a hard one for the defendant. At the time of suit brought he was clearly entitled to the possession of the property which he had acquired in good faith. Unfortunately for him, by his own inadvertent action in asking and obtaining credit with Carter, Hawley & Co. for the asphalt taken from him by the writ, he practically renounced the title he had received on his purchase, and accepted in its stead reclamation on Carter, Hawley & Co. The equities are with him to the recovery of his costs, but the settled rules of decision in cases at law will not permit of exception in his favor, and costs must follow the judgment.