SAWYER et al. v. WILLIAMS et al. (three cases).

(Circuit Court, D. Maryland. February 27, 1896.)

SURETY FOR COSTS—EXTENT OF LIABILITY.

    When a plaintiff, in a case which has been removed from a state court to a federal court, gives security, in the latter court, for costs, by a stipulation signed by sureties, who bind themselves as security "for costs and fees in" the case, such sureties, upon judgment being rendered against the plaintiff for costs, are liable for the costs accrued in the state court before removal, as well as for the costs in the federal court, and, under the rules of the circuit court for the district of Maryland, for all taxable fees due from the plaintiff to the clerk, marshal, and commissioners, and the docket fees of plaintiff's attorney, as well as for the costs recoverable by the defendant from the plaintiff.

Henry C. Kennard, for plaintiff.
John H. Thomas, for defendant.
De Este K. Fisher, for Gill and Fisher, sureties.

MORRIS, District Judge. The plaintiffs in the three above-entitled cases were citizens of New York, and upon petition of defendants, in July, 1884, these were removed into the circuit court of the United States for the district of Maryland. Before the removal the defendants had obtained in the state court a rule in both the law cases requiring the plaintiffs to give security for the defendants' costs. In January, 1885, after the cases had been removed, security was given by the plaintiffs in all three cases, Messrs. Gill and Fisher becoming their sureties. The plaintiffs are now alleged to be insolvent, and, all three cases having been dismissed, with judgment against the plaintiffs for costs, the question now presented is, for what costs are the sureties liable? The form of the obligation was in each of the three cases a written stipulation, signed by the sureties, in these words: "We hereby bind ourselves, jointly and severally, as security for costs and fees in the above cases."

First, as to whether the costs in the state court are to be taxed by this court as costs of the case with which the plaintiffs are chargeable. The removal does not separate the case into two parts. When it is removed, the proceedings which have been had in the state court come with the case into this court, and have the same effect given them as if they had taken place in this court. The removal act provides that the federal court "shall proceed therein as if the suit had been originally commenced in said circuit court and the same proceedings had been taken in such suit in said circuit court as shall have been had therein in said state court prior to its removal." The state court, upon the filing of the petition for removal and bond, could, under the removal statute, proceed no further, except to order the removal, and could make no order awarding costs. After that, any order with regard to costs must be had in the federal court, as the state court was without jurisdiction. It would appear, therefore, that the costs which had already been incurred by either party in the state court are matters to be adjudicated in the federal court to which the case is removed; and, as there is but one continuous case, the costs incurred in the state court are part of the costs of that case, to be taxed and payment enforced in the court which has jurisdiction of it. Steamship Co. v. Tugman, 67 Fed. 16; Car Co. v. Washburn, 66 Fed. 790. In Clare v. National City Bank, 14 Blatchf. 445, Fed. Cas. No. 2,793, the state costs disallowed were not the costs already incurred and payable in the state court at the time of removal, but costs which would have been taxable under the state law if the case had remained in the state court, and there gone to judgment. The matter in dispute was the allowance of the fees to the attorney of the prevailing party which, under the state law, he would have been entitled to upon judgment. The court held that there was no vested right to those costs until judgment, and that only such fees could be taxed as were allowed by the law governing the court which entered the judgment. The case of Chadbourne v. Insurance Co., 31 Fed. 625, would seem to merely follow Clare v. National City Bank. In Wolf v. Connecticut Mut. Life Ins. Co., 1 Flip. 377, Fed. Cas. No. 17,924, and also in Cleaver v. Insurance Co., 40 Fed. 863, it was distinctly held, upon reasoning which is persuasive, that costs actually accrued in the state court prior to the removal are taxable in the circuit court upon final judgment.

The other question is whether the stipulation given by the sureties in these cases is to be held to cover the taxable costs due by the plaintiffs to the clerk, marshal, and commissioners, and the docket fees of their attorneys, as well as to those which the defendants are entitled by the judgment to recover. If the plaintiffs could, under the rules applicable, be required to give security only for the costs of the defendants, the sureties could rightly claim to have their liability restricted to the defendants' costs. The circuit court rules are as follows:

No. 49: "Every plaintiff non resident of this state shall give security for costs on or before the first return day after the defendant appears, or the

action shall be non prossed or discontinued, unless the court for cause shall allow further time."

No. 50: "In all actions at law or suits in equity the plaintiff shall give security for fees before issuing the writ, and in default of such security the attorney or solicitor shall be held answerable for the fees payable by such plaintiff; and in cases where security has not been given pursuant to this rule the attorney or solicitor shall be answerable for all costs and fees which may accrue in such action or suit."

These rules are not restricted to the costs to be paid by the plaintiff to the defendant if he prevails, but embrace all costs and fees, whether due to the prevailing party or chargeable to the plaintiff in favor of any of the officers or attorneys of the court. It is to be held, therefore, that the stipulation for costs signed by the sureties in which they bound themselves as security for the costs and fees in each case covers all the costs and fees in the case for which the plaintiffs could be required to give security; and under the rules it is apparent that the plaintiffs were required to give security, not only for the defendants' costs, if they should be adjudged to pay the defendants their costs, but also for the costs chargeable to the plaintiffs themselves, if not paid. Henning v. Telegraph Co., 40 Fed. 658.

It has been urged that the plaintiffs intended by rules 49 and 50 are only plaintiffs who, by original writs, institute cases in this court, and not those who are brought in by the removal of a case from the state court. I do not think this contention can be sustained. The act of 1875 (18 Stat. 470), under which these cases were removed, provides "the case shall then proceed in the same manner as if it had been commenced in the said circuit court"; so that it would seem clear that rules 49 and 50 were as applicable to these cases as if they had been originally commenced in this court; and that in giving security for all the costs and fees the plaintiffs were only doing what the rules required them to do. My ruling, therefore, is that sureties are liable for the defendants' costs in both the state court and in this court, and for all the taxable fees due by the complainants in both courts which they have not already paid.