THE JOHN D. DAILEY.

(District Court, E. D. New York. December 31, 1907.)

ADMIRALTY—COSTS—PREMIUM PAID FOR BOND TO RELEASE VESSEL.

Where the claimant of a libeled vessel has prevailed on the trial, and the libel is dismissed, he is entitled to tax as a part of his costs the premium paid by him to a surety company for a bond to obtain the release of the vessel, where it is reasonable in amount.

In Admiralty. On exceptions to taxation of costs.

See 157 Fed. 477.

Sutherland D. Smith, for libelant.

Alexander & Ash, for claimant.

CHATFIELD, District Judge. The claimant has prevailed, and obtained the dismissal of a libel based upon a claim for alleged negligent towing. In taxing the claimant's costs, an item of $100, premium upon the bond of the claimant, furnished by him in the form of a stipulation for value, in order to procure the release of his vessel after seizure by the United States marshal in obedience to the process of this court, has been disallowed. An exception to this disallowance having been noted, the attention of the court is called to the case of The South Portland (D. C.) 95 Fed. 295, in which the premium charged by a surety company was taxed, under somewhat similar circumstances. This case correctly states the law, and is in complete harmony with the provisions of Act Aug. 3, 1894, c. 282, 28 Stat. 279 [U. S. Comp. St. 1901, p. 2315], authorizing the acceptance of a bond of certain surety companies in any case where a bond or other undertaking "is by the laws of the United States required or permitted to be given."

The provisions of sections 940 and 941, Rev. St. [U. S. Comp. St. 1901, pp. 691, 692], rule 11 of the Supreme Court of the United States (3 Sup. Ct. ix), in admiralty, and rule 17 of the District Court of this district, provide for and permit the giving of a bond in cases like the present. This sufficiently shows the legality of the methods pursued in bonding the vessel after seizure. As stated in the case of The South Portland, supra, the benefit is not entirely to the claimant; but the charges for the care of the vessel, and the risk of loss during the holding by the marshal, are removed by the giving of a bond. The libelant, if unsuccessful, is thus saved an expense which would be a taxable disbursement in the case. Further, it seems no more than just that the claimant should, if possible, be allowed to avoid loss and damage to himself, by obtaining the use of his vessel during the life of the bond. The result is a benefit to the claimant, but not to the disadvantage of the libelant. On the contrary, it furnishes to him a certain and speedy guaranty of his claim if it be maintained, while giving to the claimant the future enjoyment of his property, which would be entirely taken away, with no corresponding advantage to the libelant, if a sale is had under the process by the marshal. The entire proceeding, therefore, seems to be justifiable and legal, and the premium paid for the bond should be taxed, if reasonable in amount. Discretion is vested in the court to prevent the payment of unwise and extravagant premiums, assented to upon the theory that they were taxable in any event. The burden rests upon the losing party to object, if an unconscionable agreement has been made for the payment of a premium, and the amount allowed to be taxed should be only such an amount as is customary or reasonable under the circumstances of the case.

The objection to the item in question, as raised by the exception of the libelant, will be overruled, and the item in this case ordered to be taxed.