CONSOLIDATED GAS CO. OF NEW YORK v. NEWTON, Atty. Gen., et al.

(District Court, S. D. New York. March 28, 1923.)

I. Costs ⟐169—Premiums on surety bonds required as condition of injunction allowable.

Successful plaintiff in injunction, who as condition of having injunction continued pending an appeal, was required to deposit certain sums collected, but in lieu thereof was permitted to substitute surety bonds, *held* entitled to recover premiums paid thereon as part of costs.

⟐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Costs ⬚146—Loss on Liberty Bonds deposited to keep injunction in force not taxable.**

Where successful plaintiff in injunction suit was permitted as condition of continuance of injunction pending appeal to deposit Liberty Bonds, which might have been loaned by it to a bank at a profit, the profit so lost could not be taxed as costs.

**3. Costs ⬚169—Amount paid subsidiaries for use of Liberty Bonds used to keep injunction in force not taxable.**

Where successful plaintiff in injunction suit to keep injunction in force pending appeal was permitted to deposit Liberty Bonds instead of moneys collected, amounts paid by it for use of such bonds to subsidiary companies practically all of whose stock it owned was not taxable as costs.

In Equity. Suit by the Consolidated Gas Company of New York against Charles D. Newton, as Attorney General of the State of New York, and others. On motion for allowance of certain alleged items of costs. Motion granted in part, and denied in part.

This is a motion to allow certain claims in the plaintiff's bill of costs in a suit in equity. The plaintiff filed a bill in equity to restrain the public officials of the state and county of New York from enforcing a statute limiting the price of gas in the city of New York. The plaintiff won, but pending an appeal the decree of injunction was made conditional on the plaintiff's depositing all sums collected in excess of the statutory rate with a special master. The plaintiff later got leave to substitute surety bonds instead of cash, and later still, Liberty Bonds. The appeal being decided in the plaintiff's favor, it taxed the premiums on the surety bonds, as part of its bill of costs, and these were allowed. The Liberty Bonds deposited it procured in part from its own treasury and in part from the treasuries of allied companies, all, or substantially all, of whose shares it owned. There was a profitable use for these bonds, as appears in the opinion, and the plaintiff paid its allied companies one-half of 1 per cent. a year for the bonds which it borrowed for them; that being the value of the use to which they could put them. This item and the loss of its own profit on those of its own bonds which it used. it did not include in its original bill of costs. and now seeks to have inserted by motion.

Jacob H. Goetz, of New York City, for the motion.
Harry Hertzoff, of New York City, opposed.

LEARNED HAND, District Judge (after stating the facts as above). [1] Before the amended admiralty rules fixed the practice, it had been the custom in this circuit to allow as costs premiums on stipulations given to release vessels from arrest. The Volund (C. C. A. 2) 181 Fed. 643, 104 C. C. A. 373; The Hurstdale (D. C.) 171 Fed. 607; The John D. Dailey (D. C.) 158 Fed. 642. Elsewhere the authorities were not unanimous, but in such matters we follow our local custom. I have been unable to get much help out of the books as to the rule in suits in equity. Judge Lacombe in Edison v. American Mutoscope Co. (C. C.) 117 Fed. 192, allowed premiums paid on a supersedeas bond, in what I take to have been a suit in equity; but that is the only case in this circuit which I can find. It has, however, been our uniform custom to allow such items in all sides of this court for the 14 years that I have sat here, and no distinction has ever been drawn between law, equity, or admiralty. I think that the decisions on the

admiralty side before the rule are competent authority if anything more than custom be necessary. Therefore I shall let the taxation stand as respects the premiums paid on surety bonds.

[2] The other claim of the plaintiff is not the same. After depositing with the master surety bonds in large amounts, the plaintiff thought that it should be allowed to substitute Liberty Bonds, and did so, after I had approved. It now claims the amounts which it paid to its allied companies which lent these bonds, and equal sums for those of its own bonds which it deposited. In support of these claims it alleges that there was a financial value to the use of these bonds, which it was the custom to lend to the National City Bank at one-half of 1 per cent. per annum. Thus, considering for a moment the plaintiff's own bonds, it was deprived of a profit which it would otherwise have got while they remained out on loan.

The logic of this is sound enough; the plaintiff is the poorer by what it has lost. But in such matters logic counts for little and custom much. No one has, so far as I know, ever suggested before that losses of profits involved in the incidents of a lawsuit are properly taxable as costs. In this country there has never been any effort to make whole the winning party for his outlay in a suit. What is allowed is fixed by convention or by express law or rule. Whether it should be so is another matter, not for me to determine. I am altogether confident that this claim is quite beyond any allowance ever made or the principle of any such allowance.

[3] The amounts actually paid for the use of liberty bonds of the plaintiff's allied companies fall within the same reasoning. If the plaintiff had paid one-half of 1 per cent. to a genuinely independent company, more might be said, though that would be an extension of any custom heretofore prevailing. That question, however, I pass, because in my judgment it does not arise. The plaintiff was the owner of all the stock of the allied lending companies, with such trivial exceptions as need not be considered. The sums which it paid to them enriched its own holdings in those shares by exactly their amount, and in substance the situation is precisely the same as though it had used its own bonds and lost the corresponding profit. Of course, I know that for many purposes these corporations are independent; that third persons deal with them as separate entities which they are. But here we have a case in which to allow the recovery is to give with one hand what I have taken away with the other; to allow the shares held by the plaintiff to be enriched, when I have declined to enrich its treasury directly. To do that appears to me to contradict the theory on which I deny the sum to the plaintiff.

Therefore I decline to retax these disbursements, ignoring the question whether the failure of the plaintiff originally to include them in its bill of costs concludes it. The motion is denied.

The retaxation in the case of the subsidiary companies will similarly excise any payments made to the Consolidated.