Kelly, P. J., Jaycox and Kapper, JJ., concur; Rich and Lazansky, JJ., dissent from the reversal of that part of the order allowing the receiver to discontinue the operation of the railroad.

ANDREW W. FEUSS, Respondent, v. J. A. FAY & EGAN COMPANY, Appellant.— Order for examination of defendant modified by limiting the examination to a period of six years prior to the commencement of the action, except as to accounts accruing prior to said period on which only partial payments had been made prior to that period; and as so modified order affirmed, without costs. No opinion. Kelly, P. J., Rich, Manning, Kapper and Lazansky, JJ., concur.

KATHERINE M. FREY, Respondent, v. WILDA BENNETT, Appellant.— Judgment and order reversed upon the law and the facts, and a new trial granted, costs to abide the event, on the ground that the verdict was excessive, unless within twenty days plaintiff stipulate to reduce the recovery of damages to the sum of $25,000, exclusive of the costs taxed on the entry of the judgment; in which event the judgment as so reduced and the order are unanimously affirmed, without costs of this appeal. Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ., concur.

JACOB J. GREENBAUM, Appellant, v. ALEXANDER BERENSON and Others, Respondents.— Order granting defendants' motion to retax costs reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The allowance of the item in defendants' costs of their disbursements of seventy dollars for premium upon a surety bond filed by them is unauthorized by the Civil Practice Act, and is contrary to the decisions made under that act and the Code of Civil Procedure.* Had a surety company bond been ordered by the court the situation presented would have been different. Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ., concur.

HAVES REALTY CORPORATION, Appellant, v. FRANK B. COLTON, Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ.

HIERONIMUS A. HEROLD, etc., Respondent, v. ALEXANDER E. LAWSON and INTERALLIED PHARMACAL CORPORATION, Appellants, Impleaded with Others.— Order denying motion to vacate notice of examination before trial modified by striking out items 4 and 5 from said notice; and as so modified the order is affirmed, without costs. Plaintiff seeks no relief against the individual defendants in so far as receipt of any stock by them from the Interallied Corporation is concerned. Therefore, there is no need for an examination as to item 4 of the notice of examination. The allegations of paragraph 15th of the complaint are too vague and general to permit of examination of the matter set forth in item 5 of the notice of examination. Kelly, P. J., Rich, Manning, Kapper and Lazansky, JJ., concur.

GUSTAV HOLLAND, Respondent, v. FANNIE BLOCK, Appellant. (Appeal No. 1.) — Order denying defendant's motion to strike out certain allegations of reply affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Rich, Manning, Kapper and Lazansky, JJ., concur.

GUSTAV HOLLAND, Respondent, v. FANNIE BLOCK, Appellant. (Appeal No. 2.) — Order denying motion to vacate notice of examination of defendant before trial modified by striking out items 2, 3 and 5 from said notice; and as so modified

---

* See Civ. Prac. Act, § 1518, subd. 10; Code Civ. Proc. § 3256.— [REP.