## WILLIAMS et al. v. SAWYER BROS., Inc.
### No. 83.

Circuit Court of Appeals, Second Circuit.
Dec. 8, 1930.

SWAN, Circuit Judge.

During the spring of 1927 the plaintiffs had dealings with Drury-Merchant Company, of Boston, Mass., as a result of which each party owed to the other delivery of certain bonds at specified prices, when, as, and if issued, upon a date to be determined by the New York Curb Market, and subsequently fixed as March 5, 1928. On July 1, 1927, Drury-Merchant Company sold its good will to the defendant, and the latter agreed to liquidate the business of Drury-Merchant Company by selling its assets and applying the proceeds in discharge of its obligations. The agreement expressly provided that defendant did not assume the obligations of Drury-Merchant Company. In February, 1928, the plaintiffs mailed to Drury-Merchant Company a statement of the account of the bond dealings between them, asking approval of the account. From this statement it appears that Clark Williams & Co. owed Drury-Merchant Company $24,000, par value, of Chicago, Milwaukee, St. Paul & Pacific Railroad Company Gold 5s, and Drury-Merchant Company owed Clark Williams & Co. $40,000, par value, Adjustment 5s. The statement was approved by Leon E. Merchant, treasurer of Drury-Merchant Company, and was mailed back to Clark Williams & Co., accompanied by a letter signed by Mr. Merchant on behalf of defendant. This letter is the foundation of the present suit, and is set out in full in the margin.[1] The trial court construed it as a promise by defendant that, if plaintiffs would deliver to defendant the balance of gold bonds owing by plaintiffs to Drury-Merchant Company, then defendant would deliver to plaintiffs the balance of adjustment bonds owing to them by said company. Plaintiffs did deliver to defendant the gold bonds, receiving payment therefor, and

Blackman, Pratt & King, of New York City (W. B. Linker and Addison S. Pratt, both of New York City, of counsel), for appellant.

Masten & Nichols, of New York City (John A. Kelly and Hastings S. Morse, both of New York City, of counsel), for appellees.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

---

[1] February 28, 1928

Clark Williams & Co., 160 Broadway, New York City.

Gentlemen: Attention: Mr. Peck. As of July 1, 1927, Drury-Merchant Company was merged with the above firm. All commitments from Drury-Merchant Company are being handled by Sawyers Bros., Inc.

Will you be so kind as to deliver bonds owed Drury-Merchant Company to Sawyer Bros., Inc., draft attached, and we will deliver your bonds on the Drury-Merchant sales to you draft attached.

We have checked over your record of transactions on the St. Paul Gold 5s and the St. Paul adj. 5s, and find that they agree with the Drury-Merchant record.

Enclosed find duplicate copy of your letter.

Very truly yours,

Sawyer Brothers, Inc.,
Leon E. Merchant,
Manager Trading Department.

LEM/G
Enc.
Stamped "Received, Feb. 29, 1928, Clark Williams & Co."

this was held to be an acceptance of defendant's offer and to bind it to deliver to plaintiffs the adjustment bonds. Upon defendant's refusal to do so, the plaintiffs purchased adjustment bonds in the open market, resulting in a loss to them of $4,830, for which sum, with interest, judgment was entered.

The letter does not seem to us susceptible of the interpretation given it by the trial court. In the light of the dealings between plaintiffs and Drury-Merchant Company and the recited "merger" of that company with defendant, it is difficult to view the letter as more than a statement of the respective obligations of the parties by reason of the "merger." We are, of course, to read it as the addressees would do, giving it such meaning as it would reasonably have to them. After informing them of the merger, it requests delivery to Sawyers Bros. of the bonds owed Drury-Merchant Company. The requested delivery was no other than plaintiffs were bound to make if a merger had in fact taken place, for in that event defendant was the successor in interest to Drury-Merchant Company, or, at the least, its authorized agent to accept delivery. Hence delivery to defendant would be performance of plaintiffs' contract with Drury-Merchant Company. Similarly, on the assumption of "merger," defendant was obligated to make the delivery owed by Drury-Merchant Company and the phrase, "we will deliver," may more reasonably be understood as expressing defendant's existing obligation rather than as undertaking a new one of the same content. In other words, as we read the letter, defendant's promissory words, "and we will deliver your bonds," did not call for any acts of acceptance, nor ask for any quid pro quo, but were merely an acknowledgement of the obligation resulting from the recited "merger."

But if this interpretation be rejected and a broader meaning be given the letter, insuperable obstacles to recovery by the plaintiffs present themselves. Assume that the letter should be read as a promise by defendant to deliver the adjustment bonds in consideration of plaintiffs' delivery of the gold bonds. Surely the parties did not intend to ignore the antecedent transactions with Drury-Merchant Company. That corporation was not a party, so there was no novation; and, unless plaintiffs were performing their contract with Drury-Merchant Company by delivering the gold bonds to defendant, they would have defaulted on that contract. It is obvious that this was not intended, and that both plaintiffs and defendant contemplated that their respective deliveries of bonds should be in satisfaction of the obligations owed to and by Drury-Merchant Company. Consequently, viewed as a new promise, the letter must be construed as though it read: "If you (plaintiffs) will perform your obligation to Drury-Merchant Company, we (defendant) will perform their obligation to you." Passing the question whether performance by a promisee of his pre-existing duty to a third party can be valid consideration for the promisor's undertaking (see Restatement of Contracts, § 84(d), Am. Law Institute), the undertaking of defendant corporation was to perform the obligation of another; hence it was an ultra vires undertaking, since in fact defendant had not merged with Drury-Merchant Company nor assumed the latter's debts in consideration of the conveyance of its good will. Under the federal rule, an ultra vires contract of guaranty or suretyship is unenforceable against the corporation though the promisee has fully performed. See Central Transportation Co. v. Pullman's Car Co., 139 U. S. 24, 48, 11 S. Ct. 478, 35 L. Ed. 55; Louisville, N. A. & C. Ry. Co. v. Louisville Trust Co., 174 U. S. 552, 567, 19 S. Ct. 817, 43 L. Ed. 1081; In re John B. Rose Co., 275 F. 416, 418 (C. C. A. 2); Mapes v. German Bank of Tilden, 176 F. 89, 90 (C. C. A. 8); Humboldt Min. Co. v. American Mfg., etc., Co., 62 F. 356 (C. C. A. 6). All the promisee may recover is the value of his performance. Citizens' Central Nat. Bank of New York v. Appleton, 216 U. S. 196, 30 S. Ct. 364, 54 L. Ed. 443. This the plaintiffs have already received, since they were paid the drafts which accompanied delivery of the gold bonds. Therefore, if the letter were construed as the basis for a contract, it was one on which plaintiffs could have no recovery.

It remains to consider whether, if the letter does not evidence a contract at all, as we believe to be the proper interpretation, the plaintiffs might still recover because it contained a false representation as to merger. No such cause of action was pleaded. But, aside from this, plaintiffs have not proved, and cannot prove, action to their detriment upon the faith of the representation. The bonds which they delivered they were obligated to deliver; they received their price, and their obligation to Drury-Merchant Company was thereby discharged. The case might be otherwise if their delivery of gold bonds had been conditional upon Drury-Merchant Company's delivery of adjustment bonds. But the transactions were entirely distinct and

the obligations independent. Plaintiffs' obligation was to make delivery on the settlement date, and they were not privileged to withhold the gold bonds until Drury-Merchant Company should tender the adjustment bonds. Consequently they cannot claim to have suffered any prejudice by prior delivery of the gold bonds in reliance upon defendant's representation that merger had obligated it to deliver the adjustment bonds. Plaintiffs' cause of action against Drury-Merchant Company for breach of contract still remains. Action upon defendant's representation has caused them no legal detriment.

Thus we find it unnecessary to go into the question whether Mr. Merchant was authorized to write the letter of February 28th, or whether, if he was not, the defendant ratified what he did.

For the reasons stated, it was error to direct a verdict for plaintiffs. The verdict should have been directed for defendant. Accordingly, the judgment is reversed, and the cause remanded.