**WILLIAMS v. SAWYER BROS, Inc.**

No. 416.

Circuit Court of Appeals, Second Circuit.

July 17, 1931.

CHASE, Circuit Judge, dissenting.

Blackman, Pratt & King, of New York City (Addison S. Pratt and Wilmurt B. Linker, both of New York City, of counsel), for appellant.

Milbank, Tweed, Hope & Webb, of New York City (John A. Kelly, of Buffalo, N. Y., of counsel), for appellees.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

L. HAND, Circuit Judge.

The plaintiffs sued the defendant, a Massachusetts corporation, at law in the state court, serving it personally and attaching its bank account in a New York bank. The defendant released the attachment by giving a surety company bond, and later removed the cause to the District Court for diversity of citizenship. Judgment originally went for the plaintiff, which we reversed [Williams v. Sawyer, 45 F.(2d) 700], and, the plaintiffs consenting to a dismissal, judgment was entered for the defendant. Upon the taxation of costs the clerk refused to allow the premiums paid to release the attachment, and the judge affirmed his ruling upon motion to re-tax. The defendant then appealed. Two questions arise: Whether the judgment is appealable; whether the item was taxable.

We have recently held in a suit in the admiralty [New Jersey Shipbuilding Co. v. James McWilliams Blue Line, 49 F.(2d) 1026], that there can be no appeal whose only purpose is to challenge the propriety of an award of costs at least unless the power of the court be at issue. The abuse of the court's discretion was in that case clear, but the appeal involved no question as to the legality of any of the items taxed. The contrary is true here; nobody disputes the defendant's right to costs, but the question arises as to what items can lawfully be included. Upon that question an appeal lies to this court. Newton v. Consolidated Gas Co., 265 U. S. 78, 83, 84, 44 S. Ct. 481, 68 L. Ed. 909.

Upon the merits the New York decisions are against the defendant (Bick v. Reese, 52 Hun, 125, 5 N. Y. S. 121; Louisville Lumber Co. v. Smith, 154 App. Div. 386, 139 N. Y. S. 357; Greenbaum v. Berenson, 217 App. Div. 774, 217 N. Y. S. 116; Regan v. Dillon, 126 Misc. Rep. 37, 212 N. Y. S. 376); and if the state law governs, the appeal must fail. Before the act of 1853 (section 830, tit. 28, U. S. C. [28 USCA § 830], Rev. St. § 983), it was held that though the federal statutes impliedly recognized the right to costs, yet, as Congress had not directly dealt with the subject, their amounts and award should follow the state law (Hathaway v. Roach, 2 Woodb. & M. 63, Fed. Cas. No. 6213; Costs in Civil Cases, 1 Blatchf. 652, Fed. Cas. No. 18284). After 1853 the same has been repeatedly decided. Ethridge v. Jackson, 2 Sawy. 598, Fed. Cas. No. 4541; Huntress v. Epsom (C. C.) 15 F. 732; Shreve v. Cheesman, 69 F. 785 (C. C. A. 8); Primrose v. Fenno (C. C.) 113 F. 375; Scatcherd v. Love, 166 F. 53 (C. C. A. 6); Ex parte Peterson, 253 U. S. 300,

316, 317, 40 S. Ct. 543, 64 L. Ed. 919. However, the District Court has power by rule of court to declare what disbursements shall be taxed. The Texas, 226 F. 897, 905 (C. C. A. 1); Parkerson v. Borst, 256 F. 827 (C. C. A. 5); The Governor Ames, 187 F. 40, 41, 48 (C. C. A. 1). And a proved usage would probably have had the same force as a rule before this was authoritatively decided in Newton Consolidated Gas Co., 265 U. S. 78, 85, 44 S. Ct. 481, 68 L. Ed. 909.

In the Southern District of New York it has been the practice to tax premiums paid to secure supersedeas bonds (Edison v. Mutoscope Co. [C. C.] 117 F. 192); stipulations of a libelant for costs (The Volund, 181 F. 643, 669 (C. C. A. 2); stipulations for value on the arrest of a vessel (The Hurstdale [D. C.] 171 F. 607); bonds to withdraw a deposit in equity (Consolidated Gas Co. v. Newton [D. C.] 291 F. 704). Apparently the practice is the same in the Eastern District. The John D. Dailey (D. C.) 158 F. 642. It is quite true that no such usage has been proved as to bonds to lift an attachment, but the language of the decisions was general, and not confined to the facts at bar. An inquiry of the retired clerk, Mr. Gilchrist, whose experience goes back more than fifty years, discloses that the taxation of premiums upon an attachment bond has not, to his knowledge, ever before arisen. Thus apparently whenever such items have come before the court, they have been allowed, but this precise situation has never come.

The critical question is therefore what one means by a usage in such cases. If the earlier instances we have cited can be regarded as examples of a general usage to tax premiums whenever a bond becomes necessary, the plaintiffs at bar should lose. If, on the other hand, the usage must be shown to exist in each new situation as it arises, and there can be no inference from one instance to another, they must win. In that case it will be necessary for the party wishing to tax the item to prove that the circumstances then at bar had arisen before and that his side had prevailed. Plainly this was not true in Consolidated Gas Co. v. Newton (D. C.) 291 F. 704. The suit was in equity, and the plaintiff had been obliged to deposit in the registry of the court very large sums of money as security for an injunction against the enforcement of a rate fixed by a public utility commission. It wished to draw down these deposits, and asked leave to post surety company bonds as substitutes. Certainly, this was quite a new state of facts, as to which there could be no usage, except as the earlier decisions could be treated as species of a genus. Yet the Supreme Court affirmed the decree. So it appears to us that what is meant is that there need only be evidence of the allowance of the item, when the prevailing party has been for any reason forced to incur the expense, and not that it must have been allowed in exactly the circumstances in which it now comes up. We cannot suppose that the word is used in the more limited sense.

For this reason we feel free to say that the learned District Judge was in error, notwithstanding his declaration that there was no "custom or practice to tax such premiums." This was indeed true if what he meant, as probably he did, was that there was no such practice as to attachment bonds. He could scarcely have meant that there was no such practice in other settings, for the decisions were to the contrary. If he did, it was certainly a mistake; if he did not, we think that he was wrong in his understanding of what was necessary to establish a practice. Nor should we forget the approval of such bonds in Newton v. Consolidated Gas Co., 265 U. S. 78, 86, 44 S. Ct. 481, 484, 68 L. Ed. 909, where they were spoken of as "a most convenient and stable means of obtaining indemnity against the default of parties" and "much to be preferred to individual sureties." In the Southern and Eastern districts of New York they have come into substantially universal use, and are as much a part of the expected expenses of an action or suit, as the fees paid the clerk. No reason can be given why the defeated party should be allowed to impose their cost upon his adversary; and while it is indeed true that the books are by no means harmonious, some of the contrary decisions are in places where we may fairly suppose that the custom has not become so universal as it is in these two districts. It is with one of these that we are concerned; as to it we think that there is a general usage which comprehends all cases where surety company bonds are required, either to release property, or as to any other kind of security.

The argument that the release of the attachment was voluntary does not seem to us to require more than this allusion.

Judgment reversed; cause remanded with instructions to include the disputed item in the bill of costs.

CHASE, Circuit Judge (dissenting).

We recently held in New Jersey Shipbuilding Co. v. The James McWilliams, 49 F. (2d) 1026 that no appeal will lie from an allowance of costs in admiralty made by the trial court in the exercise of its discretion, and dismissed the appeal, since we could not review such a discretionary ruling. This appeal presents an entirely different question. It is not whether the exercise of discretion as to costs is reviewable, but whether the court had the power to allow as costs, in an action at law, the premiums paid on the bond. An appeal such as this, which involves the power of the court and not merely the propriety of the manner in which the court has exercised its discretion, will lie. Newton v. Consolidated Gas Co. of New York, 265 U. S. 78, 44 S. Ct. 481, 68 L. Ed. 909.

28 USCA § 830, provides for the taxation of costs. It does not mention such premiums as these. Before this law was enacted, the taxation of costs in federal courts was made to conform to the practice in the state in which the district was situated, and that has continued to be so except as to the specific items mentioned in the above section. Primrose v. Fenno (C. C.) 113 F. 375; National Surety Co. v. Lyons (C. C. A.) 16 F. (2d) 688. But the right to recover such costs as are allowed in the New York Courts rests on 28 USCA § 725, which reads: "The laws of the several States, except where the Constitution, treaties, or statutes of the United States otherwise require or provide, shall be regarded as rules of decision in trials at common law, in the courts of the United States, in cases where they apply." Ethridge v. Jackson, 8 Fed. Cas. page 801, No. 4,541; Shreve v. Cheesman (C. C. A.) 69 F. 785. Then, too, the taxation of costs, where Congress has not enacted to the contrary, is to be governed by usage. Primrose v. Fenno, supra; Consolidated Gas Co. of New York v. Newton (D. C.) 291 F. 704. And the local practice in this circuit, in accordance, of course, with the statute, is the test of the right to costs rather than the state law. Chadbourne v. German-American Insurance Co. (C. C.) 31 F. 625; Clare v. National City Bank, 14 Blatchf. 445, Fed. Cas. No. 2,793. See, also, Henning v. Western Union Tel. Co. (C. C.) 40 F. 658. It is true that in removed cases contrary views have prevailed elsewhere. Trinidad Asphalt Paving Co. v. Robinson (C. C.) 52 F. 347; Cleaver v. Traders' Ins. Co. (C. C.) 40 F. 863. Sawyer et al. v. Williams et al. (C. C.) 72 F. 296.

The opinion of the District Judge shows that counsel conceded that such premiums as these were not taxable under the state law; and, in the absence of any controlling rule or usage in the District Court, the Judge felt constrained to disallow them, although his disposition to have some provision made for the allowance of such costs is revealed.

There is nothing in the record to indicate any usage in the District Court as to taxing premiums on bonds given in discharge of attachments in actions at law, and the District Judge said there was none, but the books do show what has been the practice regarding analogous bonds, and it appears from the opinion in Consolidated Gas Co. of New York v. Newton, supra, that the custom has been the same in law, equity, or admiralty. In The Volund (C. C. A.) 181 F. 643, it was held that premiums paid to provide security for costs were taxable. And so it was as to premiums on a supersedeas bond in Edison v. American Mutoscope Co. (C. C.) 117 F. 192. Indeed, such a custom in the Second circuit was recognized and approved in Newton v. Consolidated Gas Co. of New York, 265 U. S. 78, 44 S. Ct. 481, 68 L. Ed. 909, and it should include premiums on a bond given in a removed suit at law to discharge an attachment of property, for the expense incurred for that purpose is quite as necessary as it is in respect to the other bonds mentioned. It can hardly be said that the giving of such a bond is, in a real sense, optional rather than necessary, when if it is not given it is necessary to let the property remain subject to the attachment. In Crowe v. Peaslee-Gaulbert Co. (C. C. A.) 37 F.(2d) 216, 217, premiums paid on a replevin bond were allowed as costs and The Governor Ames (C. C. A.) 187 F. 40, where premiums on a bond in discharge of an arrested vessel had been disallowed was distinguished on the theory that the replevin bond was necessary in that it was required by law, while the discharge bond was optional. I do not think however, that such premiums need be paid under circumstances making them indispensably necessary before they should be taxable as costs. If they are necessary in that they are reasonably required and paid to relieve property from attachment, they come within the reason for the custom which has grown up in the Second circuit as to taxing the premiums on other bonds necessarily given by parties to litigation to preserve their rights and comply with the requirements of law. The District Court might well let the taxation of such premiums become the usual

practice or provide for it by rule. See The Texas (C. C. A.) 226 F. 897, 905.

But we are about to go far beyond this and declare to be already established as a custom in the Southern district something at least so nebulous that an experienced District Judge says his own court has no such usage; and to do so simply because it is thought that there is no good reason why a custom should not include such premiums as these. When we are dealing with the existence of a custom we are talking, not about what ought to be, but about what is or is not. To be sure, it is customary to tax some expenses as costs, but not all; it is customary to tax some premiums paid on bonds, but it does by no means follow that, because some premiums are taxed, it is actually the custom to tax all. Warrant for the taxation of costs must be found in the law, and, when the law is amplified by custom, the custom cannot be created for others by mere desire to have them have one. To do that puts the cart before the horse, no matter how plausibly it may be done, and fails to give effect to the force of facts. In this case there is evidence conclusive upon us that there is at present no custom in the District Court to permit the taxation of these premiums, and we would do better, in my opinion, to be content to let that court control its own practice in this regard.

I would affirm the order.