MAPES v. GERMAN BANK OF TILDEN, OF TILDEN, NEB.

(Circuit Court of Appeals, Eighth Circuit. February 14, 1910.)

No. 3,088.

*(Syllabus by the Court.)*

1. CORPORATIONS (§ 484*)—ULTRA VIRES—GUARANTY OR PAYMENT OF ANOTHER'S DEBT IS.

The guaranty or payment by a corporation, without benefit to itself, of the debt of another, in which it has no interest, is beyond its powers.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1815; Dec. Dig. § 484.*]

2. BANKRUPTCY (§ 316*)—CLAIMS PROVABLE—NOTE.

A corporation gave its promissory note to a bank for the indebtedness of third parties for which it was in no way responsible, and also for its own debt.

*Held*, to the extent of the amount of the debts of the third parties the note was invalid in the hands of the bank which knew these facts, and the claim of the bank against the estate of the bankrupt corporation must be reduced to the amount which the corporation owed the bank when the note was given and the interest thereon.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 476; Dec. Dig. § 316.*]

Appeal from the District Court of the United States for the District of Nebraska.

In the matter of the bankruptcy of the Hansen Mercantile Company. From an allowance of claim of the German Bank of Tilden, of Tilden, Neb., Burt Mapes, trustee in bankruptcy, appeals. Reversed and remanded, with directions.

E. G. McGilton (F. H. Gaines and Sidney W. Smith, on the brief), for appellant.

N. D. Jackson, H. C. Brome, and F. L. Putney, for appellee.

Before SANBORN and ADAMS, Circuit Judges, and McPHERSON, District Judge.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SANBORN, Circuit Judge. Edward B. Hansen and H. M. Culbertson were the stockholders, and Hansen was the president, of the Hansen Mercantile Company, a corporation, which commenced business on September 1, 1907, and was adjudged bankrupt on April 4, 1908, on a petition filed December 10, 1907. The German Bank of Tilden, a corporation, presented, and the court below allowed, its claim against the estate of the bankrupt for $6,360.20, upon a promissory note for $6,610.20, dated November 20, 1907, upon which an indorsement of payment of $260 had been made. There is some conflict in the evidence, but these are the facts which in our opinion the testimony establishes: .

The consideration for this note of the corporation was: (1) A promissory note for $760.20 and interest at 8 per cent. dated August 10, 1907, made by E. B. Hansen and H. M. Culbertson to Fred Ruegge, the former partner of Hansen, which the bank had bought, and which Hansen originally gave to Ruegge in part payment for his interest in their partnership property. (2) A promissory note for $3,000 and interest at 8 per cent., dated August 20, 1907, made by E. B. Hansen, H. M. Culbertson, and Addie M. Culbertson, which Hansen gave to the bank for money he borrowed of it to pay his indebtedness to the Elkhorn Valley Bank, and $2,700 of the proceeds of which were used for that purpose. The proceeds of this note were placed by the German Bank to the credit of, and were checked out by, E. B. Hansen under the name of "Hansen Merc. Co." in August, 1907, before the corporation commenced business, and while Hansen was conducting the business which he subsequently turned over to that corporation. (3) A promissory note of $1,500 and interest at 8 per cent., dated August 10, 1907, payable to the German Bank, made by Louis Hansen, a brother of E. B. Hansen. (4) A promissory note of the Hansen Mercantile Company, given to the bank for an overdraft which it had made thereon.

The note for $6,610.20 raised the legal presumption that the Mercantile Company was indebted to the bank in that amount. But the evidence is convincing that the corporation derived no benefit from, and that it never, for any valuable consideration, assumed or agreed to pay, either E. B. Hansen's note for $760.20, or the $2,700 used to pay Hansen's note to the Elkhorn Valley Bank, or Louis Hansen's note for $1,500, or the interest on these amounts; and this fact necessitates a reduction of the claim of the bank by these amounts, and by $260, which was indorsed upon the note when it was made, and renders the just amount of its claim $1,322.32 and interest from November 20, 1907, at 8 per cent. per annum.

The officers of a trading corporation undoubtedly have authority to make and deliver its promissory notes for the just debts of the corporation, and the acts of such officers in this regard are presumed to be lawfully done, when no notice to the contrary is received by the holder of the paper. But it is beyond the powers of the corporation and of its officers alike to make accommodation paper, or to guarantee or to pay the obligations of others in which it has no interest, and from which it derives no benefit. Park Hotel Company v. Fourth National Bank, 30 C. C. A. 409, 414, 86 Fed. 742, 747, and cases there cited; Bowen v.

Needles National Bank. 94 Fed. 925, 36 C. C. A. 553; Merchants' Bank of Valdosta v. Baird, 160 Fed. 642, 645. 90 C. C. A. 338, 341, 17 L. R. A. (N. S.) 526. The officer of the German Bank who took this note for $6,610.20 knew, and through him the bank itself knew, that Hansen gave it on behalf of his corporation to pay the notes of himself and of others which the bank itself owned, that this mercantile corporation derived no benefit from the payment of these notes, and that to the amount thereof its note must be invalid under the law in the hands of its payee. In this state of the case the bank assumed the burden and the risk of proving in the teeth of its knowledge that the note was given by the Mercantile Company for some legal consideration sufficiently beneficial to it to support its promise to pay these debts of others. It has not only failed to bear this burden, but the proof is that there never was any such consideration.

The order of the court below must accordingly be reversed, and the case must be remanded, with directions to allow the claim of the German Bank for $1,322.32 and interest thereon at 8 per cent. per annum from November 20, 1907; and it is so ordered.