## THE SOUTH PORTLAND.

(District Court, D. Washington, N. D. June 23, 1899.)

COSTS IN ADMIRALTY—SUITS IN REM—EXPENSE OF PROCURING RELEASE BOND.
Where the claimant of a libeled vessel gives a bond for her release, and decree is eventually rendered in his favor, the expense actually incurred by him in procuring the execution of the bond for her release by a surety company is a legitimate item of costs, to be taxed in his favor. The release of a vessel on bond is not merely an accommodation to the claimant, but inures to the benefit of other litigants by relieving them from the expense of her custody, and the court will exercise its discretion in awarding costs in a manner to encourage the substitution of bonds.

In Admiralty. Hearing on motion in behalf of the British America Corporation, Limited, intervening libelant, to retax costs and for disallowance of certain items of expenses alleged to have been incurred by the claimant.

Ira Bronson, for intervening libelant.
Metcalfe & Jurey, for claimant.

HANFORD, District Judge. After the commencement of this suit in rem against the steamship South Portland, numerous creditors filed intervening libels against said vessel. The British-America Corporation, Limited, also filed an intervening libel to recover the sum of $11,000 for nondelivery of a shipment of liquors alleged to have been received on board at Vancouver, B. C., for carriage to St. Michaels, Alaska. The claimant filed a stipulation in the sum of $250 for costs, and also a bond in favor of said intervening libelant for the release of the vessel, pursuant to section 941, Rev. St. U. S., and afterwards filed an answer denying that the liquors, or any part thereof, were ever received on board said vessel, or that the freight on such shipment was ever paid. The intervening libelant failed to introduce any evidence whatever in support of the libel, and, after due notice, a decree was rendered in favor of the claimant for costs, and dismissing said intervening libel. The cost bill includes, among other items of disbursements for expenses, the following:

Paid United States Fidelity & Guaranty Company, making stipulation for costs as surety.................................................................$ 5
Paid United States Fidelity & Guaranty Company for making $12,000 bond for release of respondent vessel from attachment upon monition issued upon said intervening libel................................................. 120.

It is undisputed that the claimant actually paid the amounts as compensation to the surety company for furnishing the necessary security to enable the claimant to interpose his defense and secure the release of the vessel; but his right to be reimbursed is denied, on the ground that it has not been customary heretofore to allow anything to owners of vessels who successfully defend suits in rem against their property as compensation for expenses incident to furnishing the security required of them by law and the rules of practice. Corporations capitalized for the purpose of furnishing security in behalf of those obliged to give bonds and stipulations

with sureties have recently come into existence to supply a demand for their existence. In the past, litigants were obliged to suffer deprivation of the use of their property and interruption of their business, unless they could prevail upon wealthy persons to aid them by becoming liable as sureties for the demands of adverse parties. The practice of importuning persons of financial ability to become sureties was annoying, but necessary. Since the modern surety companies have established agencies in all important commercial cities, litigants are no longer compelled to call upon individuals to assume such liabilities, and it has become more difficult, and impossible in many cases, to furnish security, without going to these agencies and paying for the accommodation. In communities where business methods conform to modern customs, such expenditures as are the subject of dispute on this hearing, are in fact necessary, and every reason for allowing the prevailing party to recover other necessary expenditures in maintaining his rights in a litigated case applies with equal force in favor of exercising the discretion vested in courts of admiralty by awarding to the prevailing party, as part of his taxable costs, the amounts actually paid to surety companies for giving bonds and stipulations exacted by the defeated party. I do not consider that the release of the vessel, by substituting in her place a bond to secure the payment of any judgment which might be rendered in favor of the intervening libelant, is to be regarded as a mere accommodation to the claimant. The detention of the vessel in the custody of the marshal would have been a burden upon the litigants, as well as an inconvenience to her owners. In this case, if the vessel had not been released, the marshal's expenses for keeping her while the case was pending and undetermined would have been largely in excess of the items now in dispute, and this intervening libelant would have been mulcted for that expense, however large the sum. The award of costs in admiralty proceedings is always a matter in the discretion of the court (1 Enc. Pl. & Prac. 290), and I shall always be disposed to encourage owners to take their vessels into their own control, instead of leaving them in the marshal's custody, to be consumed by the necessary expense of keeping them in idleness. The motion to retax and objections to the cost bill are denied and overruled.