LEE INJECTOR MFG. CO. v. PENBERTHY INJECTOR CO.

(Circuit Court of Appeals, Sixth Circuit. June 15, 1901.)

No. 922.

1. COSTS—CIRCUIT COURT OF APPEALS—TRANSCRIPT OF RECORD.
    Under rule 31, par. 3, of the rules of the circuit court of appeals of the
    Sixth circuit (31 C. C. A. clxix., 90 Fed. clxix.), the costs of the transcript
    of record on appeal cannot be taxed in that court in favor of a successful
    appellant.

2. SAME—COPIES OF PATENTS.
    A sum paid the commissioner of patents for copies of patents for inser-
    tion in the printed record on appeal to the circuit court of appeals is a
    part of the cost of printing the record, and is taxable in that court.

3. SAME—COSTS OF APPEAL BOND.
    Money paid a surety company for furnishing an appeal bond on an
    appeal to the circuit court of appeals is not taxable as costs.

4. SAME—EXPENSE OF PRINTING BRIEFS.
    Disbursements of counsel for printing briefs in the circuit court of
    appeals are not taxable as costs.

On Motion to Retax Costs.

George W. Radford, for appellant.

James Whittemore, for appellee.

Before LURTON and SEVERENS, Circuit Judges, and CLARK, District Judge.

LURTON, Circuit Judge. Upon a former day of this term the decree of the circuit court was reversed, and costs taxed. The appellant has now filed a petition praying a retaxation of costs, as follows:

1. That the amount paid clerk of the circuit court for transcript of record on appeal—$87.25—be taxed here as costs taxable to the appellee. This must be denied. Rule 31, par. 3, provides that "the costs of the transcript of record from the court below shall be taxable in that court as costs in the case." 31 C. C. A. clxix., 90 Fed. clxix.

2. That $20.90, paid by appellant to the commissioner of patents for copies of patents for insertion in the printed record, be taxed as costs of appeal. This is allowed. It is part of the cost of printing the record, and therefore taxable here.

3. That the sum of $10.50, paid a surety company for furnishing appeal bond, be taxed as costs. This must be disallowed, as there is no authority for taxing such an item.

4. That the cost of printing appellant's brief be taxed as costs. This must be disallowed. It has never been the practice of either the supreme court or this court to allow as costs the disbursement of counsel for printing briefs. Ex parte Hughes, 114 U. S. 548, 5 Sup. Ct. 1008, 29 L. Ed. 281.

The application, so far as it relates to the cost of copies of patents, is allowed, and in all other respects denied.