### THE ROBERT DOLLAR.

(Circuit Court, D. Washington, N. D. May 20, 1902.)

No. 1.900.

ADMIRALTY—COSTS—DISBURSEMENT FOR SURETY COMPANY BOND.

While the prevailing party in an admiralty cause is entitled to recover as part of the taxable costs the amount of actual expenditures for a surety company bond when necessary to release a vessel from custody, no sum can be taxed on account of such bond, although executed by a surety company, where it was given for its own protection because it had previously become obligated to the owner to protect the vessel from liens while in possession of the charterer, so that it was in fact the real defendant in interest, and no sum was actually paid it for signing the bond.

In Admiralty. Suit in rem to collect a bill for lighterage. After a hearing on the merits and a decree for the claimant (115 Fed. 218), heard on motion to retax costs.

Bausman & Kelleher, for libelant.

Hoyt & Haight, for claimant.

HANFORD, District Judge. In this case the master of the steamship Robert Dollar appeared as claimant, and the defense was conducted in his name. Upon the final hearing the court rendered a decision and decree adverse to the libelant, and now the case has been brought on for further hearing upon motion to retax the costs, the only disputed items being the premiums charged for a surety company bond for the release of the vessel from custody, and for the usual stipulation for costs. This court has heretofore decided that the prevailing party in an admiralty cause is entitled to recover, as part of the taxable costs, the amount of actual expenditures for a surety company bond, when necessary to release a vessel from custody, and the practice of the court in allowing such actual disbursements has been approved by the circuit court of appeals for the Ninth circuit. The South Portland (D. C.) 95 Fed. 295; Jacobsen v. Expedition Co., 50 C. C. A. 121, 112 Fed. 80.

The libelant does not question the practice of the court, but the items referred to are attacked in this case on the ground that there has been no actual expenditure by the parties to the suit in payment for the security. It is shown by an affidavit that, at the time of chartering the Robert Dollar to the company which was operating her at the time of the transaction which gave rise to this lawsuit, the owner exacted from the charterer indemnity against liens upon the vessel, and that

the American Bonding & Trust Company became liable to the charterer as a surety, and obligated to defend the vessel against the enforcement of liens created while she was in the service of the charterer, and by reason of its interest in the litigation the bonding company was the real defendant in the case, and executed the stipulation for costs and the delivery bond, because it was necessary to do so for its own protection. A counter affidavit has been filed which is, in effect, an admission that the amount included in the cost bill is merely the usual and reasonable charge for bonds furnished by corporations, but that nothing was actually paid for bonds in this case. But it is contended that the libelant was benefited to the same extent that it would have been if the usual fees had been actually paid.

The benefit or advantage to the parties in having a vessel speedily released from custody is not, of itself, a sufficient basis for allowing premiums paid for surety company bonds to be taxed as costs, although it is worthy of consideration, in connection with the rule of reason and the spirit of justice which should animate courts in adjudicating the rights of parties. The benefits would be just the same in this case if the bonds had been executed by a wealthy friend of the claimant without compensation or hope of reward, but no practicing lawyer would seriously propose to make a charge for such bonds to be included in the taxable costs, and I hold that the mere circumstance that the surety is a corporation organized for the purpose of furnishing security affords no additional legal right to claim reimbursement where there has been no disbursement.

The costs which are taxable and recoverable by the prevailing party in a cause are prescribed by statute, but in addition thereto the courts allow the prevailing party to recover the amount of actual disbursements which are necessary or reasonable to be incurred in the preparation or conduct of a cause. But only statutory costs and actual disbursements can be recovered.

The motion to retax is granted, and the items objected to are disallowed.