### THE L. F. MUNSON.

(District Court, E. D. Pennsylvania. January 11, 1904.)

#### No. 1.

1. COSTS—CONSTRUCTION OF ORDER DIVIDING COSTS—PROCTORS' FEES.

Where libelant was the prevailing party in a suit in admiralty, but for equitable reasons the court directed that the costs be divided and paid by the parties in stated proportions, such order should be construed as including the statutory fee for libelant's proctor, which in ordinary course would have been taxed as costs, but not a fee for respondent's proctor, which, if taxable under Rev. St. § 824 [U. S. Comp. St. 1901, p. 632], is only so against his own client.

In Admiralty. On appeal from taxation of costs.
See 124 Fed. 478.

Horace L. Cheyney, for libelant.
Howard H. Yocum, for respondent.

J. B. McPHERSON, District Judge. The libelant was the prevailing party in this action, for, although he did not recover his whole claim, nevertheless, as the respondent had denied liability in toto, a

decree in favor of the libelant for any sum was a victory. If, therefore, the costs had taken the usual course and had followed the decree, there would probably have been no room for dispute about proctors' fees. These fees would have been duly taxed as part of the libelant's bill, under sections 823, 824, of the Revised Statutes (U. S. Comp. St. 1901, p. 632), and would have been charged against the respondent. For equitable reasons, however, the court directed that two-thirds of the total costs should be paid by the libelant and one-third by the respondent, and the present controversy has to do with the meaning and effect of this part of the decree. I need not state the respective contentions of the parties. It is enough to say that the court intended all the costs of the proceeding to be paid by the parties in the foregoing proportions, including therein those proctors' fees that are always taxed in favor of the successful party; but I did not have in mind any other fees of this class, and I did not intend, therefore, to include fees that may be chargeable by the respondent's proctor against his own client by virtue of section 824. I express no opinion upon the question whether this section is wide enough in its scope to embrace such fees. It is true that the sums allowed to proctors by section 824 are "fees," as distinguished from "costs" (United States v. Cigars [D. C.] 2 Fed. 497); but section 823 makes them taxable as if they were costs in the strict sense, although they go directly to the proctor, and not to his client, and they are always understood, I think, to be included in the word "costs," unless the context shows that the narrower meaning is in the writer's mind. It is also true that the court has no power to increase or diminish the proctors' statutory allowances, but I have no doubt of its competence to decide who is to pay them and in what proportions.

Exclusive of proctors' fees, the costs are as follows:

Libelant's bill ...................................................$ 64 05
Respondent's bill ...............................................  81 35
                                                                 _____
                                                                 $145 40
Add proctors' fees...............................................  47 50
                                                                 _____
    Total .......................................................$192 90

—of which the libelant must pay $128.60, and the respondent $64.30.