THE BENCLIFF.

(District Court, E. D. Pennsylvania. January 9, 1908.)

No. 11.

1. ADMIRALTY—ORDER DIVIDING COSTS—PROCTOR'S FEE.
    Where the libelant is the prevailing party in a suit in admiralty, but the costs are divided, the fee of $20 to libelant's proctor should also be divided.

2. SAME—PREMIUM ON SURETY COMPANY BOND.
    The premium paid by a libelant to a surety company for entering a stipulation for costs required by a rule of court is taxable as costs where reasonable in amount.

In Admiralty. On exceptions to taxation of costs.
For former opinion, see 155 Fed. 242.

Convers & Kirlin and Henry R. Edmunds, for libelant.
Henry Flanders, for respondent.

J. B. McPHERSON, District Judge. The question raised by the respondent's exception has been already decided in his favor by The L. F. Munson (D. C.) 127 Fed. 767. In accordance with that case, the fee of $20 due in the present suit to the libelant's proctor should have been included in the bill of costs before, and not after, the division. To add the fee after the division charges the respondent with the whole of this particular item, although the decree of the court requires him to pay one-half only. The Bencliff (C. C.) 155 Fed. 242.

The libelant's exception to the disallowance of the charge of $15, which was paid to a surety company for entering the stipulation for costs required by the rule of court, must also be sustained. The clerk was right in following the practice heretofore prevailing in this district and refusing to allow the charge, but Judge Holland and I are both of opinion that the time has come when a change in this respect would be desirable. That the reasonable cost of obtaining such a bond may be properly allowed as a disbursement made necessary by a rule of court seems well settled. Neff v. Pennoyer, Fed. Cas. No. 10,084; Dennis v. Eddy, Fed. Cas. No. 3,793; Simp-

son v. 110 Sticks (D. C.) 7 Fed. 243. And good reasons for sanctioning the practice are given by Judge Hanford in The South Portland, 95 Fed. 295, and by Mr. Justice Mitchell, now Chief Justice of the Supreme Court of Pennsylvania, in Clark's Estate, 195 Pa. 527, 46 Atl. 127, 48 L. R. A. 587. In the latter case the constitutionality of a Pennsylvania statute permitting the fee to be charged as part of a trustee's expenses was the question under consideration, and the decision is therefore not now directly in point; but the advantages of a bond given by a corporation surety over a bond executed by an individual are so clearly set forth in the opinion that the language of the court may be quoted with profit:

"The individual surety as formerly known was usually a relative or friend who had confidence in the principal, and voluntarily assumed the obligation of answering for the latter's faithful performance of duty. I need not speak of the individual who became surety for pay, for the very name of 'professional bail goer' is a reproach to every branch of the administration of justice which he was allowed to contaminate with his presence. But the voluntary surety, however honest and well qualified at the time of his approval by the court, is liable to the contingencies of business, the changes of value in property, and the inexorable chance of death which brings his estate into the administration of the law under wholly changed circumstances. Of the happening of any of these contingencies the only person in position to keep close watch is the principal, and his interest is adverse to making known any doubt as to the sufficiency of his friend, or to assuming the burden of finding a new surety. These are some of the disadvantages even of an honest surety, and, if we add to them the risk of a dishonest one who may dispose of his property on his own scent of danger or on a friendly hint from his principal, we may have a fair idea of the dangers of which our reports present many illustrations. On the other hand, the surety company included in the provisions of the act of 1895 must have a capital, the amount, nature of investment, and management of which, are known and within constant sight of the court and the parties interested. It is obliged to make reports of its condition to the courts and to the commonwealth, and is at all times subject to the visitorial power of the latter, and finally it has the sharp incentive of prevention of loss by looking closely after the administration of his trust by its principal for whom it has become responsible, not from friendly personal confidence, but as a strict business venture. It was said in this case by the learned president of the orphans' court, whose experience entitles his opinion to great weight, that: 'Corporation suretyship is another product of modern thought and ingenuity, and may be said to possess many advantages over individual bail or security. * * * Our daily experience has proved that corporate security and the oversight and management by expert officers of the trust and security companies are highly advantageous not only to the fiduciary, but to all the parties interested, whether creditors, legatees or distributees.' But, even if this be not so, it is plain that, while the duties and liabilities of the surety, whether corporation or individual, are the same, and in those respects they stand upon the same plane, yet the qualities and advantages of the security afforded are materially different. It is on this difference that the discrimination in the act of 1895 is founded, and it is a fair and constitutional basis for the legislative discretion."

In the federal courts, in addition to the ruling in The South Portland, supra, the Court of Appeals of the Ninth Circuit has made a similar decision in Jacobsen v. Lewis, etc., Co., 112 Fed. 80, 50 C. C. A. 121, and Judge Lacombe has announced the same conclusion in Edison v. American Mutoscope Co. (C. C.) 117 Fed. 192. The opposite view is taken by the Court of Appeals of the Sixth Circuit in Lee Injector Co. v. Pennberthy Co., 109 Fed. 964, 48 C. C. A. 760, but the only reason given for disallowing the charge is that

"there is no authority for taxing such an item," and this language may refer to the absence of specific authority on the subject, since apparently the court did not consider the general authority of a judicial tribunal to make proper and lawful rules in the conduct of its business, and to charge the necessary and reasonable costs of complying therewith against the losing party as an obligatory disbursement in the cause. It need hardly be added that the amount of the allowance is always under the court's control for the purpose of preventing an excessive charge.

The clerk is directed to retax the costs in accordance with this opinion.