## THE RELIANCE.

### (District Court, D. Rhode Island. March 13, 1911.)

ADMIRALTY (§ 121*)—STIPULATION FOR DISCONTINUANCE—PAYMENT OF COSTS.

A stipulation between parties in admiralty that the action shall be discontinued, and that libelant shall pay costs as taxed by the court, limits the power of the court to a taxation of costs, which do not include damages for the fraud of libelant in filing the libel, nor for surveyor's fees and expenses not taken under order of court, nor for detention of the vessel, nor for premiums paid for bond for value; but claimant, if aggrieved, must be left to his remedy at law or otherwise.

[Ed. Note.—For other cases, see Admiralty, Dec. Dig. § 121.*]

In Admiralty. Suit by the Morris & Cummings Dredging Company against the steam tug Reliance. On exceptions to clerk's taxation of costs on the appeal of libelant and claimant. Claimant's exceptions overruled, and libelant's exceptions sustained.

Livingston Ham, for libelant.
Frank Healy, for claimant.

BROWN, District Judge. By stipulation between the parties it was agreed "that said action be discontinued, the libelant to pay costs to date as taxed by the court." Subsequently the claimant filed its bill of costs, which was taxed by the clerk, and both parties now appeal from the taxation.

The libelant objects to the item allowed by the clerk:

"Detention of tug October 22d to November 10th at $40; demurrage, $760."

It is conceded upon the claimant's brief that no charge can be made for the legitimate detention of the attached vessel where the libel is brought in good faith. This allowance is claimed on the ground of bad faith and fraud in the filing of the libel.

Conceding, for the purposes of this hearing, the power of an admiralty court, after a decision on the merits in law or fact, to award to a claimant damages on the ground of mala fides in bringing a libel and in procuring a seizure thereon, it is yet apparent that in the present case there is no basis for the charge of mala fides in any decision of fact or law made by the court before the entry of the stipulation

---

for discontinuance. No case has been cited by the claimant in which. after such a stipulation, the court has gone outside of the record and determined upon affidavits a controversy as to the merits, for the purpose of awarding damages. The fact that the libelant moved for a discontinuance is not a conclusive showing of lack of merit in its case.

I am of the opinion that under the stipulation the power of the court is limited to a taxation of costs.

The claimant urges, however, that the word "costs" should be taken in a sense broad enough to include disbursements and damages. While it may be possible to extend the term "costs" to include certain disbursements made under an order of court, no case has been called to my attention which goes to the length of holding that damages awarded to a claimant by reason of the improvidence or bad faith of the libelant in bringing the suit are in the nature of taxable costs. The award of damages for an unfounded suit involves a question of substantial rights of a different nature from that involved in the allowance of statutory costs and of disbursements made under the order of court. Where a libelant discontinues and abandons his attempt to establish the merits of his case, it is just that he should pay costs, and also expenses which were cast upon his adversary by order of court. If a claimant desires, however, to assert a further right to full damage for malicious abuse of process, the right thereto must be distinctly asserted, tried, and established before a discontinuance, and cannot be determined by the court upon an appeal from the clerk's taxation, or under a stipulation for the taxation of costs by the court.

Without determining whether the admiralty court has power to try a counterclaim for damages for malicious abuse of process, it seems clear that, if such power exists, it should not be exercised after the entry of this stipulation, which leaves open only the question of costs, but that the claimant, if aggrieved, should be left to whatever remedy he may have at law or otherwise.

The claimant also claims surveyor's fees and expenses for raising the scow and preparing her for the survey. None of these proceedings was taken under order of court, and therefore they amount merely to claims for damages; and what we have said concerning the item for detention of the tug is also applicable to these items.

The clerk's taxation of costs is affirmed as to claimant's items 1, 3, 7, 8, 9, 10, and 11, and is overruled as to item 2 and as to item 6, "premiums paid for bond for value, $210." This item is disallowed. upon the authority of Smith v. Davis, 187 Fed. 40, decided by the Circuit Court of Appeals for this circuit December 28, 1910. I am of the opinion that the present case cannot be so distinguished as to prevent the authority of Smith v. Davis from controlling.

The claimant's exceptions are overruled, and his claims for damages disallowed, without prejudice. The libelant's exceptions are sustained.

The clerk will tax the costs accordingly.