## THE GOV. AMES.

### (District Court, D. Massachusetts. April 3, 1912.)

### No. 562.

ADMIRALTY (§ 124*)—ACTION—COSTS—PREMIUM PAID FOR BOND FOR RELEASE OF VESSEL.

The amount paid by the owners of a vessel libeled for collision to a surety company for furnishing stipulation for discharge of the vessel, the giving of which is optional with him, is not taxable as costs against the other party on his failure to recover, in the absence of any general order, rule, or usage for such taxation in force or existing when the stipulation was given.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 836–857; Dec. Dig. § 124.*]

In Admiralty. Suit for collision by Charles L. Smith, as owner of the schooner Lejok, against the schooner Gov. Ames; Cornelius A. Davis and others, claimants. On appeal from clerk's taxation of costs. Affirmed in part, and reversed in part.

Blodgett, Jones & Burnham, for libelant.
Benjamin Thompson, of Portland, Me., for claimants.

DODGE, District Judge. Smith's suit against the Gov. Ames, of which vessel Davis appeared as claimant, was dismissed by this court, and on appeal the dismissal was sustained by the Court of Appeals. 187 Fed. 40, 109 C. C. A. 94. But the Court of Appeals modified the final decree here, by directing an item of $393.75, paid by Davis to the surety on the stipulation given by him as claimant to release his vessel from arrest, taxed in his favor here, and objected to by Smith both here and on appeal, to be deducted from the costs which Davis was to recover, as the prevailing party, in the final decree on mandate. See 187 Fed. 48, 49, 109 C. C. A. 94. The direction that this deduction be made from the costs taxed in a cross-suit heard with this, instead of in this suit, was an inadvertence subsequently corrected. See 187 Fed. 50, 51, 109 C. C. A. 94.

The mandate having been filed here, upon taxation of costs for final decree under it, the clerk has deducted the $393.75 in accordance with the above direction. He has, however, allowed $236.25, paid by Davis to the surety on the same stipulation for keeping it in force here pending the appeal.

1. On Davis' behalf it is contended that the Court of Appeals' direction regarding the item of $393.75 was founded upon a misunderstanding of the actual situation of the question in this court, that this is obvious from the record, and that he is entitled to have the item taxed, notwithstanding the direction of the appellate court. But it is not for this court to say that the appellate court misunderstood the record. See In re Lennox (D. C.) 181 Fed. 428. Nor, in any event, could I find from the record that any misunderstanding appears.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The item referred to was taxed here by the clerk in making up the final decree entered before the appeal, on January 11, 1910, as part of Davis' costs. There was an appeal from the clerk's taxation, and it was affirmed by this court in accordance with its opinion in Coastwise, etc., Co. v. The Edda, 173 Fed. 436, 97 C. C. A. 638. All this distinctly appeared in the appeal record submitted to the Court of Appeals in the case now before me.

The opinion in The Edda relating to the taxation of costs in that case was dated October 20, 1908, and is not reported in 173 Fed. 436, 97 C. C. A. 638, where the opinion on the merits, dated August 8, 1908, is reported. The prevailing party in The Edda sought to tax the premiums paid by him upon his stipulation, and they were disallowed, under the special circumstances of that particular case. But it was said in the opinion, after discussion of the question whether such premiums were or not properly taxable:

"The fact that the practice of allowing the taxation of premiums such as these has become established in three District Courts, and the reasons of justice or expediency which have led to its adoption and establishment in those courts, seem to me sufficient grounds for the future adoption of the same practice in this court. The stipulation for which these premiums were paid, however, was given many months ago, at a time when no such practice was recognized here, and while it has been on file and in force in this case the court has expressly declined to allow such premiums to be taxed under similar circumstances, in another case. I am unable to believe that it would be fair to the losing party in this case to apply a changed practice for the first time against it. The clerk's refusal to tax the amount in question is therefore sustained in the present case."

The entire opinion of October 20, 1908, from which the above is quoted, formed part of the record in The Edda, upon which the Court of Appeals decided that case October 21, 1909, although the above disallowance made by this court was not a point then in controversy. The allowance of the item of $393.75 as part of the costs in this case, however, was directly in controversy on appeal, and, as the files of the Court of Appeals show, both parties referred that court in their briefs to the opinion of this court in The Edda above quoted. In that opinion Lee Co. v. Penberthy Co., 109 Fed. 964, 48 C. C. A. 760, and Jacobsen v. Expedition Co., 112 Fed. 73, 50 C. C. A. 121, which the Court of Appeals discusses (187 Fed. 48, 49), were both cited and discussed. Other decisions were also cited and discussed, but none, except these two, were Court of Appeals decisions, and they fall into the class which the Court of Appeals has referred to in this case as not authoritative with it. 187 Fed. 48, 109 C. C. A. 94. Its reversal of the allowance made here it based upon its findings that the allowance was "not supported by any order of court, or by any statute," that no usage was available in support of them, and that the stipulation for which the premiums had been paid was not required by any rule in the first instance. Its conclusion was thus stated (187 Fed. 49, 109 C. C. A. 103):

"As, therefore, in this case there is neither usage nor any court order, the objection * * * to the allowance of this item of costs is sustained; and ·

this without determining what would be the effect of an order, if there had been one."

Taking the Court of Appeals opinion in connection with the above circumstances, I see no reason to doubt that what was decided is in substance as follows:

(1) There being no statute allowing it, a general order or rule of court, or a prevailing established usage, must appear to have been in force at the time in order to justify the taxation, as part of his costs, of premiums paid by the prevailing party for stipulations not required of him by any order or rule, but given by him in order to release his vessel from arrest in preference to leaving her in custody or letting her be sold.

(2) Nothing said by this court in The Edda was equivalent to the making of such a general order or rule, or had the effect of establishing such a usage as would justify the taxation.

(3) Neither the taxation made by the court by final decree in this case, nor the express order of January 11, 1910, affirming the clerk's taxation, supplies the place of a general order, rule, or usage, such as the Court of Appeals considers necessary.

If I am right as to the effect of the decision, so that neither what was said in The Edda, nor the order of January 11, 1910, in this case, warranted the taxation because of the absence of a general order, rule, or usage, it would seem also to follow that the general order, rule, or usage considered necessary must have existed when the stipulation was given. The stipulation here in question was given April 13, 1906, long before the opinion above referred to in The Edda of October 20, 1908. I think that due compliance with the mandate requires me to sustain the clerk in his refusal to tax the $393.75.

2. On Smith's behalf it is contended that nothing can be taxed for the cost of keeping the stipulation in force pending the appeal. If I have rightly understood the Court of Appeals, I do not see how I can sustain the clerk on this point, and his taxation of $236.25 must therefore be disallowed.