### THE WALTER ADAMS.

(District Court, D. Rhode Island. March 9, 1921.)

No. 1359.

Admiralty ⬅126—Premium on appeal bond taxable as costs.

The amount paid as premium on an appeal bond, required by rule 13 of the Circuit Court of Appeals, First Circuit (150 Fed. xxxix, 79 C. C. A. xxxix), is taxable as costs, where appellant prevails on the appeal and is awarded costs.

In Admiralty. Suit by the Piedmont & Georges Creek Coal Company against the fishing steamer Walter Adams. On libelant's objection to clerk's taxation of costs. Overruled.

Frank Healy, of Providence, R. I., for libelant.
Charles R. Haslam, of Providence, R. I., for claimant.

BROWN, District Judge. The libelant objects to the clerk's taxation as costs of an item of $120 paid for premiums on appeal bonds. These were required by rule 13 of the Circuit Court of Appeals (150 Fed. xxxix, 79 C. C. A. xxxix). The claimant, who prevailed upon appeal, was put to this expense in order to comply with a rule of court. The Gov. Ames, 187 Fed. 40, 48, 49, 109 C. C. A. 94, and The Reliance (D. C.) 189 Fed. 416, related to premiums on bonds given to release a vessel, and may be thus distinguished from the present case.

The question of the allowance of costs in the federal courts was considered by the Supreme Court in Re Peterson (June 1, 1920) 253 U. S. 300, 40 Sup. Ct. 543, 64 L. Ed. 919, in which was cited the decisions in the First Circuit, Primrose v. Fenno (C. C.) 113 Fed. 375, Fenno v. Primrose, 119 Fed. 801, 56 C. C. A. 313, and Houlihan v. Corporation of St. Anthony (C. C.) 173 Fed. 496; Id., 184 Fed. 252, 106 C. C. A. 394.

Chapter 226, § 2, of the General Laws of Rhode Island, is as follows:

"Sec. 2. Any court or officer whose duty it is to pass upon the account of any person or corporation required by law to give bond may, whenever such person or corporation has given any such surety company as surety upon said bond, allow in the settlement of such account a reasonable sum for the expense of procuring such surety."

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

By rule 7 of the Admiralty Rules of Practice (267 Fed. viii), promulgated by the Supreme Court December 6, 1920, which took effect March 7, 1921, the conflict of decisions has been set at rest. The rule is as follows:

7. "If costs shall be awarded by the court to either or any party then the reasonable premiums or expense paid on all bonds or stipulations or other security given by that party in that suit shall be taxed as part of the costs of that party."

As the decisions in The Gov. Ames and The Reliance, above cited, do not seem conclusive of the present question, I am of the opinion that upon principle, and on what seems the better authority, the clerk's taxation was right. While the taxation was made before the adoption of the new admiralty rule 7, the adoption of that rule supports the reasoning of those authorities which sustain such taxation.

The libelant's exceptions are overruled, and the clerk's taxation is approved and confirmed.

NOTE.—The claimant cites in support of the taxation the following authorities: The Europe, 190 Fed. 475, 111 C. C. A. 307; The Volund, 181 Fed. 643, 104 C. C. A. 373; Jones v. Smith (C. C.) 183 Fed. 990; The Bencliff (D. C.) 158 Fed. 377; The John D. Daily (D. C.) 158 Fed. 642; The Robert Dollar (C. C.) 116 Fed. 79; Edison v. Amer. Mutoscope Co. (C. C.) 117 Fed. 192; The South Portland (D. C.) 95 Fed. 295; Jacobsen v. Lewis Klondike Exp. Co., 112 Fed. 73, 50 C. C. A. 121; The Hurstdale (D. C.) 171 Fed. 607.

Also cases contra: The Texas, 226 Fed. 897, 141 C. C. A. 501; The Governor Ames, 187 Fed. 40, 109 C. C. A. 94; The Reliance (D. C.) 189 Fed. 416; Lee Injector Co. v. Penberthy Co., 109 Fed. 964, 48 C. C. A. 760; The Willowdene (D. C.) 97 Fed. 509; Parkerson v. Borst, 256 Fed. 827, 168 C. C. A. 173.