## JENKINS PETROLEUM PROCESS CO. v. SINCLAIR REFINING CO.

### No. 1178.

District Court, D. Maine, S. D.

March 14, 1939.

Philip G. Clifford and Richard S. Chapman, both of Portland, Me., for plaintiff.

Verrill, Hale, Dana & Walker, of Portland, Me. (Robert Hale, of Portland, Me., of counsel), for defendant.

PETERS, District Judge.

The question now before this court involves the amount of costs on appeal. The judgment rendered July 6, 1937, on a verdict for the plaintiff for two million dollars, has been vacated and a new trial granted by the Circuit Court of Appeals, which has remanded the case to this court for further proceedings not inconsistent with its opinion. Sinclair Refining Co. v. Jenkins Pet. Process Co., 1 Cir., 99 F.2d 9.

The mandate includes the following language:

"The appellant recovers costs of appeal. Costs in this U. S. Circuit Court of Appeals for the First Circuit for which execution is to issue from said District Court in favor of said Sinclair Refining Company, Defendant, Appellant, and against said Jenkins Petroleum Process Company, Plaintiff, Appellee, are taxed at $5,084.32."

The bill of costs, aggregating the amount above stated, attached to the mandate, includes the usual small fees in the upper court and a little more than $5,000 for printing the transcript.

The defendant has filed a motion for judgment on the mandate with a form of order, prepared for the convenience of the court, which provides for the taxation of costs amounting to $47,694.37, made up of $5,084.32, the amount of costs specified in the mandate as costs of the Circuit Court of Appeals, and the sum of $42,610.05 "required to be paid and paid by the defendant in premiums on its supersedeas and appeal bond filed herein."

The questions raised by plaintiff relate wholly to the item of $42,610.05. That the amount was paid is not questioned, but it is claimed that the premium on the supersedeas and appeal bond is not properly a part of the defendant's costs and in any event not taxable by this court.

846

The defendant, in giving the bond, acted under the authority and met the requirements of the statute, Title 28, Section 874, which says that if a defendant "desires to stay process on the judgment, he may, having served his writ of error as aforesaid, give the security required by law within sixty days after the rendition of such judgment, or afterward with the permission of a justice or judge of the appellate court."

The court, as required by Section 869, took "good and sufficient security" that the appellant should prosecute his appeal to effect and, if he failed to make his plea good, should answer all damages and costs. The "good and sufficient security" was the bond in question, offered and accepted as such.

The then Rule 13 of the Circuit Court of Appeals provided that "Supersedeas bonds in the District Courts * * * must be taken with good and sufficient security, that appellant shall prosecute his appeal to effect and answer all damages and costs if he fail to make his plea good. Such indemnity where the judgment or decree is for the recovery of money not otherwise secured, must be for the whole amount of the judgment or decree, including just damages for delay and costs and interest on the appeal." The supersedeas bond here was also the required security for costs.

I think it reasonable to say that the supersedeas bond was necessary. It certainly is unreasonable to say that a defendant should pay over two million dollars to a plaintiff and take his chances of getting it back after a successful appeal. The statute gave the defendant the right to have the judgment superseded on appeal. To get the benefit of this right he was obliged by the statute and the rule of court to give security which had to be good and sufficient and satisfactory to the court. By established business custom and good practice that now means a surety bond. The Federal Statutes provide that surety companies may act in such cases, a list of approved surety companies is always on file in court, and the liabilities and the methods of proceeding against them is regulated by statute.

That a surety bond on supersedeas, in a case like this, is a reasonable necessity, and that the cost of the premium, as a necessary expense of the appeal, is chargeable as a part of the costs, is supported by both reason and authority.

In the case of Edison v. American Mutoscope Co., C.C., 117 F. 192, Judge Lacombe in the Southern District of New York said:

"Two of the items disallowed by the clerk, to wit, the premiums paid for appeal bond and for supersedeas bond, should be allowed. The court of appeals in the Sixth circuit disallowed a similar charge when sought to be taxed as costs; the only reason stated being 'there is no authority for taxing such an item.' * * * There is authority, however, for taxing legitimate and proper disbursements which are rendered necessary by rules of practice as disbursements in the circuit court, and these premiums seem to be such disbursements."

Judge Brown in Rhode Island, in the case of The Walter Adams, D.C., 271 F. 358, said:

"The libelant objects to the clerk's taxation as costs of an item of $120 paid for premiums on appeal bonds. These were required by rule 13 of the Circuit Court of Appeals. * * * The claimant, who prevailed upon appeal, was put to this expense in order to comply with a rule of court. The Governor Ames [1 Cir., 187 F. 40, 48, 49, and The Reliance, (D.C.) 189 F. 416 [417], related to premiums on bonds given to release a vessel, and may be thus distinguished from the present case."

The Circuit Court of Appeals in this Circuit, in Crowe v. Peaslee-Gaulbert Co., 37 F.2d 216, 217, 218, where there was an objection to the allowance of the cost of the premium on a surety bond in a replevin case, among other things said:

"The right of the prevailing party in suits at common law in the federal courts to recover costs is now firmly established, unless prohibited or restricted by some federal statute. * * *

"While in some jurisdictions courts have followed The Governor Ames Case where the facts were similar, the authorities are not all in accord. * * * Under modern conditions and practice, bonds by surety companies have come to be the accepted and approved custom where bonds are required; and where the giving of the bond is compulsory, whether by order of court or by statute, the rule as to costs, in reason and authority requires that premiums on such bonds are properly included

in a bill of costs of the successful party. United Water Works Co. Ltd. v. Stone (D.C.), 29 F.2d 428; The Walter Adams (D.C.), 271 F. 358; Corporation, etc., v. Houlihan, (C.C.A., 1 Cir.) 184 F. 252, 254, 255."

In Jones v. Edward B. Smith Co., C.C., 183 F. 990, Judge McPherson, in Pennsylvania, said:

"The only item in dispute is the premium paid to a surety company upon a supersedeas bond given upon a writ of error to a judgment of the Circuit Court. The bond was entered under rule 13 of the Circuit Court of Appeals (150 Fed. xxxix, 79 C.C.A. xxxix), and there is no controversy concerning the amount paid as premium. In my opinion the clerk of the Circuit Court was right in following the decision in The Bencliff, [D.C.] 158 F. 377. I need not repeat what was said in that case. As far as I am aware, all the other decisions upon this subject are cited there, and the item now in dispute seems to be justified by the rule that a disbursement may be properly allowed when it is made necessary by the standing order of a court."

Rule 13 of the C.C.A. in the Third Circuit, at the time of the above decision, was substantially the same as Rule 13 in this Circuit at the time in question.

The Circuit Court of Appeals for the Second Circuit, in discussing the matter of costs on appeal, on reversal, pointed out that the expense of a supersedeas bond was a necessary part of the expense of the appeal, saying:

"We think that the cost of the supersedeas bond was a necessary part of the expenses of appeal, caused by the erroneous decision of the court below. Although the bond was allowed as a favor and was not a matter of right, it was necessary to protect the appellant's interests pending the appeal." Columbia Motor Car Co. v. Duerr, 184 F. 893, 916.

In Land Oberoesterreich, v. Gude, 93 F.2d 292, 293, the Court of Appeals in the Second Circuit reversed and remanded for a new trial, and the case subsequently came before the Circuit Court of Appeals on appeal from an order of the District Court on the mandate which taxed the premiums on a supersedeas bond as a part of the costs. In approving the taxation of this item the Court, speaking through Judge Augustus N. Hand, said:

"It is argued that the premiums paid for obtaining the supersedeas bond should not have been taxed as appeal costs because they were not necessary items of the costs of appeal, for the reason that the appeal could have been perfected without such a bond. Of course, it is true that a supersedeas bond differs from the ordinary bond required to secure payment of costs, for the appeal is not regular without a bond for costs. But, as Judge Chase suggested in Williams v. Sawyer Bros. (C.C. A. [2 Cir.]), 51 F.2d 1004, 1006, 81 A.L.R. 1527, premiums reasonably required and paid to relieve property from attachment or execution cannot be regarded as 'optional rather than necessary.'

"It was the erroneous judgment obtained by the plaintiff that made it necessary for the defendants to obtain a supersedeas or run the risk of having the judgment collected by the plaintiff. We think defendants ought not to be required to run the risk of making such a payment and seeking a refund if the judgment should later be held to have been erroneously rendered. In other words, the premiums ought to be regarded as a reasonably necessary expense of the appeal. If so, they stand in the same position as the other items of costs which have been taxed in the case at bar and are not questioned."

The plaintiff relies on the Governor Ames case, 1 Cir., 187 F. 40, 48, where Judge Putnam in this circuit held that the cost of a bond given to release a vessel from attachment should not be included in the taxation of costs, saying: "It is ordinarily a mere matter of choice on the part of the owner of a vessel whether he will bond her, allow her to remain in the custody of the court, or ask to have her sold."

A bond given to release a vessel from attachment is no part of the expense necessarily incurred by a party in having a wrongful judgment corrected on appeal.

The Governor Ames case was distinguished by Judge Brown in The Walter Adams, supra, and in Crowe v. Peaslee-Gaulbert Co., supra, Judge Wilson distinguished the Governor Ames case, saying: "that case differs from this case in that the giving of the bond in that case was optional and not a necessary expense."

In some other circuits different views have been taken.

In the Sixth Circuit the Court has disapproved the expense of surety bonds as

part of the taxable costs, but on the ground that the custom there had been to the contrary and that "Fairness to litigants required that if the practice be changed it should be by rule of court prospectively applied rather than by an innovation in behalf of a particular litigant. In view of former usage in that respect, and the present absence of such rule, the orders below are affirmed." Kroger Grocery etc. v. Martin, 97 F.2d 348, 349.

The plaintiff urges that a premium on a supersedeas bond is not taxable as a part of the costs in the absence of a local rule, custom or usage, and that in the cases where it has been included it was on account of the existence of such a local rule or custom.

It is true that in some cases in other circuits the existence of a local usage has been given as a reason for including premiums on bonds as a part of the costs. In the Second Circuit there appears to be such a local usage, but in the principal and very recent case of Land Oberoesterreich v. Gude, in the Second Circuit, Judge Hand, in the opinion above quoted, ruled that the premium on a supersedeas bond should be included in the costs on the ground that it is "a reasonably necessary expense", and thus standing in the same position as other items of costs.

The plaintiff relies considerably on language in the opinion of Newton v. Consolidated Gas, 265 U.S. 78, 44 S.Ct. 481, 484, 68 L.Ed. 909, in which the Court, while it allowed a premium in that case, mentioned that there was some difference of opinion in the Circuits on the point and referred to cases in which it had been held that where the disbursement was not made as a result of any rule or practice it could not be allowed; but the court took occasion to say:

"It may be that, in a circuit and district where no usage or rule of Court exists, such costs may not be taxed. We are not called upon to decide that. It is enough, that we may decide this appeal, to hold that it was not an abuse of discretion or a violation of law for the District Court in the Second Circuit to allow the item."

There is no rule of this court covering the matter, but I find that it was presented to the former Clerk, John F. Knowlton, Esq., an able and experienced official, a member of the bar, who rendered a written opinion in 1933 in the case of Pairpearl Products v. Meyer et al., D.C., 58 F.2d 802,

affirmed, 1 Cir., 62 F.2d 668, holding that the expense of a supersedeas bond was a part of the costs of appeal, and it was so taxed in that case, which stands at least as a precedent and one illustration of a usage in this district.

The plaintiff further claims that this court has no authority to tax any costs in addition to those specified in the mandate, amounting in this case to $5084.32, which included the cost of the transcript. The point is made that the "costs of appeal", mentioned in the mandate, means the same thing as "costs in this United States Circuit Court of Appeals", and that the fact that the cost of the transcript was included in the costs taxed under Rule 31 of the Circuit Court of Appeals indicates that there is one taxation only.

It is not the rule nor the custom that all costs are taxed by the Circuit Court of Appeals. The expense of the transcript in this case was taxed by the Clerk of that Court because its Rule 31, in force at that time, so provided.

The cost of the appeal record is part of the "costs of appeal". In some circuits it is taxed in the Circuit Court of Appeals and in others in the District Court. In substantially all the cases above mentioned the cost of the supersedeas bond was taxed in the District Court. The rule is quite universal that costs in the two courts are taxed separately. The matter was somewhat elaborated in the opinion of Judge Lacombe in Berthold v. Burton, C.C., 169 F. 495, as follows:

"Plaintiffs obtained a judgment against defendant in the Circuit Court, a writ of error was taken out, and the judgment was reversed, 'with costs of this appeal.' Part of the costs of the appeal were taxed by the clerk of the Circuit Court of Appeals at $415.85. This sum, however, did not include the fees paid to clerk of the Circuit Court for citation, writ of error, and for certifying the transcript of record. It has been the practice not to tax these items before the clerk of the Circuit Court of Appeals, but in the Circuit Court. This was in conformity with a rule founded on an old rule of the Supreme Court, which was adopted presumably because its jurisdiction is so extensive that it seemed better to leave the details of these local disbursements, often in a distant court, to be adjusted at the place where they were incurred. They are nevertheless as much 'costs of the appeal' as

are the fees of the clerk of the appellate court, and should be taxed as such." City of Orlando v. Murphy, 5 Cir., 94 F.2d 426.

In the Land Oberoesterreich case, above cited, 2 Cir., 93 F.2d 292, it was held that the cost of a premium of a supersedeas bond was taxable as costs of appeal, but taxable in the District Court.

■ If the amount of the premium of the supersedeas and appeal bond in this case is taxable as costs it must now be taxed by this court, because the bill of costs made up in the Circuit Court of Appeals by the Clerk of that court does not include it, and I feel obliged to hold that such expense is properly included in the costs of appeal, directed by the mandate to be taxed by this court.

The motion of the defendant is granted.