### FORD *et al. v.* LOUISVILLE, N. O. & T. R. Co.

*(Circuit Court, N. D. Mississippi, W. D.* February 12, 1891.)

COSTS—COPIES OF RECORDS.
    Under Rev. St. U. S. § 983, which provides that "lawful fees for exemplifications and copies and papers necessarily obtained for use on trials" may be taxed as costs, a successful party cannot tax as costs certified copies of the muniments of his title, since he must be presumed to have such papers in his possession; but he may tax as costs transcripts of suits on which he relies merely to defeat his adversary's title.

In Equity. On motion to retax costs.
*Sullivan & Whitfield,* for complainants.
*Yerger & Percy,* for defendant.

HILL, J. The questions now for decision arise upon complainants' motion to retax the costs in this cause by disallowing the items for

money paid by defendant for copies of records, deeds, and other papers filed as evidence upon the part of defendant. (1) The amount of $150, paid to the clerk of the chancery court of Hinds county for the transcript of the cause of *Green* vs. *Gibbs.* (2) Amount of $95, paid to the clerk of the circuit court of the United States for the district of west Tennessee for transcript of the record in the case of *Luke P. Blackburn* vs. *Selma & Marion & Memphis R. R. Co.* (3) For the sum of $150, paid for copy of abatement sales, lists, and levee records in and for the counties of Bolivar, Coahoma, Issaquena, Sharkey, Washington, and Tunica. (4) Amount of $475.45, amount paid to clerks of different counties for copies of deeds, all filed as evidence in the cause upon the part of defendant.

It is insisted upon the part of complainants that these deeds and records were but muniments of defendant's title, and not proper charges of costs to be taxed against complainants. The questions presented are very much those of first impression. I have been referred to no decision directly in point, and I am satisfied none exists, or the able and astute counsel on both sides would, the one or the other, produce it; so that I must rely upon what seems to me the proper construction to be given to section 983, Rev. St. U. S., which reads as follows:

"The bill of fees of the clerk, marshal, and attorney, and the amount paid .printers and witnesses, and lawful fees for exemplifications and copies and papers necessarily obtained for use on trials, in cases where by law costs are recoverable in favor of the prevailing party, shall be taxed by a judge or clerk of the court, and be included in, and form a portion of, the judgment or decree against the losing party."

It is not intended by the statute to tax the losing party with any costs which the gaining party could have avoided by the production of any written testimony in his possession. The testimony must not only be necessary on the trial or hearing of the cause, but the expenditure for its production must be necessary, which cannot be the case if the successful party already had it in his possession, whether the original or a copy. The presumption is that a party claiming lands has in his possession all the muniments of title required to be recorded necessary to show his title to the lands owned by him, embracing patents, deeds, copies of wills, and such other papers, not only those immediately executed to him, but all under which he claims title; and, if he does not have them in his possession, the presumption is that he can obtain them, or, if not, that it is his misfortune or neglect. Under this rule I am of opinion that the charge for copies of these deeds must be disallowed. I am of opinion that the record or transcript of the same in the case of *Green* vs. *Gibbs* was important evidence for defendant on the hearing of the cause, as incidentally forming a part of its muniments of title, but only incidentally, and was not required to be recorded with the deed of the master in chancery to Gordon, or a record which the defendant is presumed to have had in his possession, and could obtain only by paying for the transcript of it. I am therefore of the opinion that this item is properly taxed as part of the costs. I am also of opinion that the

transcript of the proceedings of the United States court in the case of *Blackburn* vs. *Railroad Co.* was necessary as testimony for defendant on the hearing of this cause, not as a part of defendant's muniment of title, but as evidence to defeat complainants' title. Defendant did not claim title through the proceedings in that case, and was not required to show any title in itself, if it could show a want of title in complainants. I am therefore satisfied that this item is properly taxed as part of the costs of the cause. The statute of the state made the certified list of lands sold by the sheriff for non-payment of taxes filed with the auditor a sufficient instrument to pass the title to the land sold from the delinquent tax-payer to the state, and for that reason it is presumed that the defendant has in its possession a certified copy of these lists, and so much of the item charged for a copy of these lists must be disallowed for the reasons stated. The defendant is not presumed to have in his possession a transcript of the proceedings of the levee boards, which were proper evidence on the hearing of the cause; but the bill of costs, as made out, does not show what amount was paid for these transcripts. Therefore this item must be disallowed, but with leave to retax the costs, so as to show the amount paid for these transcripts. The result is that the matters arising upon complainants' motion will be referred to the clerk of this court to retax the costs, as stated in this opinion.