# JOSÉ ROMERO

*v.*

# JAIME CALAF ET AL.

---

San Juan, Law, No. 922.

### TAXABLE COSTS.

Costs—Federal Courts.
> 1. In the Federal courts only such costs are taxable as are allowed
> by §§ 823 et seq. of the Revised Statutes.

Costs—Terms of the Contract.
> 2. Where, under the terms of his contract with the defendants,
> plaintiff had to show a good title to the land to be conveyed, and
> to do so necessarily had to obtain certified copies of certain docu-
> ments, the expense of obtaining them will not be allowed as costs.

Costs—Cumulative Evidence.
> 3. Whether cumulative evidence should be admitted at a trial is a

Romero v. Calaf.

matter within the discretion of the court, and, having been admitted, a charge as costs therefore is proper.

Costs—Final Decision.
4. Where, for the purpose of opposing a motion for a new trial, plaintiff procured certain documents, he is entitled to his costs in connection therewith although the new trial was granted, as the final decision was in his favor and the question of costs on the motion had not been previously disposed of.

Costs—Evidence Not Admitted.
5. The expense incurred in procuring documentary evidence not admitted by the court will not be allowed as costs.

Costs—Law of Foreign Country.
6. In deciding what is a proper allowance for the drawing up of documents in a foreign country, the court will be guided by the charge allowed by the laws of the country.

Opinion filed February 10, 1917.

————————

*Mr. E. B. Wilcox* for retaxation.

*Mr. Frank Martinez* for defendants opposed.

HAMILTON, Judge, delivered the following opinion:

In this case the plaintiff was accorded a verdict in this court, and on appeal from the judgment it was affirmed by the circuit court of appeals. The matter now comes up on the question of costs to be allowed plaintiff. The clerk allowed certain costs and disallowed others, and the plaintiff brings the matter up for review.

1. The procedure in this court as to costs is based upon the common law as modified by statute. Until the Statute of Gloucester, 6 Edw. I. chap. 1, costs were not allowed at common

law.  Under that statute they were given to the plaintiff, and are now allowed to defendants also in proper cases.   The general principle is that of the civil law, victus victori in expensis condemnatus est.   In the Federal courts, however, the subject is governed by the Revised Statutes, beginning with § 823, which declares that "the following, and no other compensation, shall be taxed and allowed."   The question therefore is, What, among the allowances in this case, comes within a fair construction of §§ 823 et seq. ?   This is the more necessary in the case at bar, because that was a suit for breach of a contract in which part of the damages allowed were for expenses of the plaintiff in getting land and title ready for the defendants.   There must be a careful omission of everything which was reasonably included in the verdict in this behalf.   Hathaway v. Roach, 2 Woodb. & M. 63, Fed. Cas. No. 6,213.   How far costs may be allowed by analogy to the local practice, where not in conflict with Federal statute, it is not necessary to decide at present.   Ethridge v. Jackson, 2 Sawy. 598, Fed. Cas. No. 4,541.   This point is not involved.

2. The first class of expenses claimed are those for certified copies of documents, including deeds of sale and certificates of marriage, birth, and death.   The clerk refused to allow these on the ground that, by his contract, the plaintiff was bound to have a good title under the Dominican law, and these documents the plaintiff already necessarily had on hand for this purpose.   This objection seems to come within the principle of Ford v. Louisville, N. O. & T. R. Co. 45 Fed. 210, and to be well taken.   The items coming within this principle, therefore, are disallowed.

3. Other items were disallowed by the clerk because appar-

Romero v. Calaf.

ently cumulative evidence. It is, however, discretionary with the court to admit cumulative evidence, and the items in question were admitted upon the trial. It is not proper now to revise the action of the court collaterally and say that the items should not have been admitted. If the court admitted evidence, that is a judicial determination of the matter, and the parties are entitled to the costs involved. It may be questioned whether at this length of time the point could be raised at all, and at all events the court is not disposed to revise its ruling.

4. Certain documents and depositions were secured by the plaintiff and filed in support of his opposition to defendants' motion for a new trial. The clerk disallowed these upon the ground that, as the defendants won the motion for a new trial, costs should be allowed to the defendants and denied to the plaintiff. In other words, the clerk applies to the motion for a new trial the rule that the successful party recovers his costs. The court, however, made no such decision at the time. It granted the new trial, and the judgment entry on this subject says nothing about costs. What the court intended or should have done is not material. It is to be presumed that it intended to do what it actually did; that is to say, to do nothing about costs until the final decision of the case. At the final decision the judgment awarded costs to the plaintiff, and no reason appears why this should not carry all the costs of the case not otherwise previously disposed of. The action of the clerk in this behalf, therefore, is disapproved, but in allowing these items to the plaintiff the clerk will be careful not to include any that are disallowed for other reasons given in this opinion.

5. Certain items were disallowed by the clerk because not admitted in evidence by the court. The plaintiff argues that

### Romero v. Calaf.

the court may have changed its mind as to the propriety of these items during the numerous hearings and rehearings involved, and might be inclined now to admit at least the certified copy of the deed of sale made eleven days later than the sale in controversy by the same grantors to other persons. The point is that for the decision of this case the recordability of the title was a vital question, and the fact that the title was recorded eleven days later threw light upon its recordability at the time of the sale in controversy. The court declined to admit the record because it was not part of the res gestæ, that what happened eleven days later threw no light upon the sale in controversy. Apart from the fact that circumstances might have changed, the issue in the case at bar was not what recording officials might have thought at a subsequent period, but what they ought to have held on the day the plaintiff, the grantors, and the notary were ready. The court sees no reason to change the opinion held at the trial. The retaxation in this respect, therefore, is denied.

6. The deposition of a witness, Juan Mejia, was taken by a court of first instance in San Domingo under letters rogatory from this court, and exhibits thereto were certain copies of surveys and plans of the tracts of land in controversy. For these the witness makes a charge of $100, made up as follows: Three Acta de Mensura at $10 each, four maps or plans at $15 each, stamped paper $3, materials $5, tin box to contain everything $5,—all of which he totals at $100.

While the fees seem to be high, the evidence before the court seems to show that the charges for the three acta and for the stamped paper are those authorized by Dominican law and

Romero v. Calaf.

charged by the public officials for the copies in question. These items, amounting to $33, will therefore be allowed.

There is no evidence, except the charge of the witness himself, of the value of the plans, which are blue prints of surveys made a year before and in connection with the original survey for the plaintiff, if indeed the blue prints were not themselves made at that time. If $5 apiece are allowed for these, it would seem reasonable.

The witness was asked in interrogatories to furnish these papers, and they were accordingly furnished and used in evidence. It would not be legal to force the witness to stand this expense himself, and after it was admitted in evidence as part of a deposition the party taking the deposition is also entitled to reimbursement. Fifty-three dollars is therefore allowed under this head.

The clerk will retax the costs in accordance with the above opinion. It is so ordered.